corporation would clearly lead the general public to believe that some "benefit" was to be derived from a membership in it. As the word "benefit" is expressly barred by the statute, it should follow that no corporation, other than one organized under the Banking and Insurance Law, should be authorized whose name contains the word "aid."

This certificate of incorporation is disapproved.

(174 App. Div. 353)

### BECKMAN v. J. W. OELERICH & SON et al.

(Supreme Court, Appellate Division, Third Department. September 13, 1916.)

1. MASTER AND SERVANT ⬤�któw414—INJURIES TO SERVANT—WORKMEN'S COMPENSATION ACT.

Workmen's Compensation Act (Consol. Laws, c. 67) § 23, declares that an award or decision of the commission shall be final and conclusive on all questions within its jurisdiction, unless within 30 days after a copy of such award or decision an appeal be taken. Sections 22 and 74 declare that upon its motion, or the application of any party in interest, on the ground of change in conditions, the commission may at any time review an award, diminishing or increasing the compensation, and that the power and jurisdiction of the commission over each case shall be continuing, and it may from time to time make such modification or change with respect to findings relating thereto as may seem just. In a proceeding by an injured servant, who claimed compensation, the State Industrial Commission, after two rather informal hearings, made an award denying compensation, but on a subsequent showing, where the servant was represented by counsel the commission, deeming the facts different, set aside its award denying compensation, and made one awarding compensation. *Held*, that the commission acted properly, though more than 30 days elapsed, without an appeal, between the decision denying compensation and the rehearing.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. ⬤➙414.]

2. MASTER AND SERVANT ⬤➙361—INJURIES TO SERVANT—WORKMEN'S COMPENSATION ACT—"EMPLOYÉ."

Claimant, who was a shareholder and vice president of a corporation, was an "employé" thereof, within the Workmen's Compensation Act; it appearing that he worked with the regular workmen, though he was general foreman.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. ⬤➙361.

For other definitions, see Words and Phrases, First and Second Series, Employé.]

3. MASTER AND SERVANT ⬤➙361—INJURIES TO SERVANT—WORKMEN'S COMPENSATION ACT.

An employé of a wholesale grocery company, which was engaged in various lines of employment, was injured while bottling peroxide. At the time of the injury, bottling was not classified as a hazardous employment, although Workmen's Compensation Act, group 33, includes employés engaged in canning or preparation of fruit, vegetables, fish, or foodstuffs. Section 3, subd. 4, defines an "employé" as a person engaged in a hazardous employment in the service of an employer carrying on or conducting the same, while section 2 awards compensation to employés injured while engaged in such hazardous employment. *Held* that, though some of the duties which the servant was engaged in were hazardous, yet no recovery could he had for injuries received while bottling; the grocery company for which the servant worked not being engaged in the business of canning in the sense used in the statute, the principal business of

⬤➙For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the company not being the canning of food products, though some such work was done incidentally to its principal business.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. ☞361.]

Appeal from State Industrial Commission.

Claim by August C. Beckman for compensation under the Workmen's Compensation Act against J. W. Oelerich & Son, employer, and the Zurich General Accident & Liability Insurance Company, Limited, insurance carrier. From an award of the State Industrial Commission in favor of the claimant, insurer and employer appeal. Reversed, and award vacated.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Alfred W. Andrews, of New York City (John N. Carlisle, of Albany, of counsel), for appellants.

Egburt E. Woodbury, Atty. Gen. (E. C. Aiken, Dep. Atty. Gen., and Paul Windels, of New York City, of counsel), for respondent.

Robert W. Bonynge, of New York City, for Workmen's Compensation Commission.

LYON, J. This is an appeal from an award made by the State Industrial Commission. The conclusions of fact made by the commission state that the claimant was employed as a foreman by J. W. Oelerich & Son, Incorporated, a corporation having an office in the city of New York, engaged in the business of grocers' sundries and wholesale groceries, and in connection therewith in manufacturing pickles and syrups, and also of bottling various grocery supplies, such as vinegar, olives, cottonseed oil, catsup, and peroxide; that while working for his employer at his employer's plant, putting wires on bottles which contained peroxide, which wires were to be fastened over the corks by means of a hand machine, the bottle which the claimant was handling broke and a piece of glass flew into his right eye, causing a rupture of the eyeball; that in respect of the peroxide his employer bought the same in bulk, and had it bottled and labeled in the name of the employer, for the purpose of sale; that the duties of the claimant also required him to take part in the manufacture of pickles; that the average weekly wage of the claimant was $36.54.

Following the accident, the usual notice of injury, claim for compensation, and employer's and attending physicians' reports of injury were made, and the claim came on for hearing before the State Compensation Commission, and on nine occasions commencing November 2, 1914, and ending May 17, 1915, awards were made by that commission; and on July 26, 1915, such an award was made by its successor, the State Industrial Commission. The parties interested, as well as both commissions, apparently acted upon the belief that the injury was not serious and only temporary; and without having the question of the liability of the employer definitely adjudicated, the parties agreed upon such awards, and the commissions sanctioned the agreement, except as to the award of July 26th for four weeks' allowance, to which the carrier objected. None of these awards so made appear in the

record upon appeal, and it is our understanding that they were informal, and were not entered in the office of either commission. Each of the awards was made at the rate of $15 per week, and together covered a period of 44 weeks, and each, with the exception of the award of July 26th, was paid by the insurance carrier.

On the 19th day of August, 1915, the claim was brought to a hearing before a deputy commissioner, apparently under the objection made by the insurance carrier on July 26th. At this hearing the statement was made by the carrier that it had allowed the claim to drift along, but as now the carrier was apparently paying for the loss of the use of the eye, it wanted the nature of the employment gone into a little more thoroughly, and that there had always been an open question at its home office whether the employment in which the claimant was engaged was covered by the policy. At this hearing the testimony of the claimant alone was given. On August 25th an executive hearing of the commission was held, at which the claimant was present, and the carrier was represented by counsel. On August 27th the commission rendered its decision to the effect that the claimant's employment at the time of the accident was not covered by the Workmen's Compensation Law, and that the decision of the commission was to close the case on the award as made July 26th. A resolution was then passed that further award be denied on the ground that the employment did not come within the act. Notice of this decision was given the insurance carrier, and also the claimant, on or about August 30, 1915. No appeal was ever taken from the decision.

On October 6, 1915, upon application of the claimant, the commission opened the case, although the insurance carrier questioned the claimant's right to rehearing upon the ground that the claimant's remedy was by appeal within 30 days after service upon him of a copy of the award, and that, not having taken such appeal, the decision of the commission was final. A rehearing was ordered and had, further evidence taken, and an award made for the period of 10 weeks from July 26 to October 4, 1915, at the rate of $15 per week, and the case continued for further hearing. From such award this appeal has been taken.

[1] The insurance carrier bases his right to a reversal of the award upon three grounds: First, that the claimant's only remedy was by appeal under section 23, and that the commission had no right, after the time to appeal had expired, to open the case and make an award; second, that the claimant, being the vice president of the corporation, was not an employé within the meaning of the act; and, third, that the claimant's injury did not arise out of and in the course of a hazardous employment. The pertinent portion of section 23 is as follows:

"Sec. 23. *Appeals from the Commission.* An award or decision of the commission shall be final and conclusive upon all questions within its jurisdiction, as against the state fund or between the parties, unless within thirty days after a copy of such award or decision has been sent to the parties, an appeal be taken to the Appellate Division of the Supreme Court of the Third Department."

This provision is susceptible of but a single construction as applied to an appeal; but as applied to a rehearing by the commission the

section must be read in connection with sections 22 and 74, which provide as follows:

"Sec. 22. *Modification of Award.* Upon its * * * motion or upon the application of any party in interest, on the ground of a change in conditions, the commission may at any time review any award, and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded. * * *"

"Sec. 74. *Jurisdiction of Commission to be Continuing.* The power and jurisdiction of the commission over each case shall be continuing, and it may, from time to time, make such modification or change with respect to former findings or orders relating thereto, as in its opinion may be just."

The general purpose of the Workmen's Compensation Law, and the construction to be given its provisions, have been the subject of consideration in several opinions both by the Court of Appeals and by this court, notably in the two cases, in Matter of Post v. Burger '& Gohlke, 216 N. Y. 544, 111 N. E. 351, Ann. Cas. 1916B, 158, and Rheinwald v. Builders' Brick '& Supply Co., 168 App. Div. 425, 153 N. Y. Supp. 598. These expressions of the courts, that a liberal construction is to be given the act in view of its humane purposes, are applicable in the case at bar to the provisions of sections 22 and 74. Upon neither of the two hearings which preceded the decision of August 27th, denying further award, was the claimant represented by counsel, and upon the first hearing the testimony consisted wholly of answers to questions framed by the counsel for the insurance carrier and did not develop material matters relating to claimant's employment, which were very probably unknown to the counsel. Apparently upon the application for a rehearing, facts were brought to the attention of the commission indicating that its decision had been made without full knowledge of the facts, making it questionable in the judgment of the commissioners whether the claim had been justly disposed of. Possessed of this uncertainty, the commission was not only within its rights, but in the discharge of a positive duty when it granted a rehearing, and when later confronted by additional evidence, and believing its former decision to be incorrect, it promptly corrected it. The right exercised by the commission was the right often exercised by courts of record under like circumstances even after the determination of the case on appeal. Furthermore, on reopening the claim, it was practically consented by the counsel for the insurance carrier that the claim be heard upon its merits, and that, if the claim should prove to be a just one, the claimant should be awarded compensation, and, if not, compensation should be denied. We should therefore treat the claim as having been heard upon the merits without objection.

[2] As to the claim that the claimant was not an employé within the meaning of the act: The claimant spoke of his compensation for services as salary. He was the owner of 7 of the 100 shares of stock of the corporation. There is no claim that the payments received by him were dividends upon his stock. The commission found that the week-ly payment made him was his weekly wage. Its finding was fully justified by the evidence. While he was vice president of the corporation, his employment was doubtless through the board of directors. of whom he may or may not have been one. Although he was the

general foreman, he worked in the various industries of the corporation the same as other workmen, and was doing the work of an ordinary employé at the time he was injured. His being vice president and a stockholder in no way affected his status as an employé. Connor on Workmen's Compensation Law, pp. 31, 96; Aken v. Barnet (employers' liability) 118 App. Div. 463, 103 N. Y. Supp. 1078, affirmed 192 N. Y. 554, 85 N. E. 1105.

[3] As to the third claim of the appellant, that the injury sustained by the claimant did not arise out of or in the course of his employment: The commission held that the employment of plaintiff fell within group 33, which was as follows:

"Canning or preparation of fruit, vegetables, fish or foodstuffs, pickle factories and sugar refineries."

It appears from the remarks of the members of the commission, preceding making the award of October 6th, that the commission concluded that the employer should be held to have been operating a canning factory, and hence that the claimant's employment fell within group 33. However, the finding of the commission states that the employer corporation was engaged in the business of "grocers' sundries and wholesale groceries." This was also the statement in the employer's first report of injury. The policy stated that the employer's business was "wholesale dealers in grocers' specialties." The employer cannot fairly be considered to have been operating a canning factory. It appears that claimant's work covered fully 17 lines of employment, 7 of which are mentioned in the foregoing conclusions of fact, in no one of which its employés were engaged continuously, but in each of which work was done from time to time, doubtless as was necessary to keep the stock up, and as the demands of the trade required. Of these 17 employments, apparently not more than 3 or 4 could be classed as hazardous employments under the Workmen's Compensation Law as it existed at the time the claimant was injured.

The evidence shows that the claimant's injury resulted from the bursting of a bottle containing peroxide, which had been filled, corked, and left standing on the floor some days before, and as the claimant placed it upon a bench for the purpose, by the use of a hand machine, of placing wires over the corks to prevent their being forced out by the gas, the gas which had accumulated in one of the bottles exploded. Prior to classifying "bottling" as a hazardous employment under group 27 by the amendment of 1916 (chapter 622), drawing from barrels peroxide, which was described as a liquid antiseptic, a disinfectant, and as commonly sold by grocers for cleaning purposes, and placing it in bottles, was not embraced in the hazardous employments, nor was it incidental to a hazardous employment. Neither was the business of "grocers' sundries and wholesale groceries" classified as a hazardous employment. The question, therefore, presented by this branch of the appeal, is whether an employé working in August, 1914, in an industry not in itself hazardous, in which there were several lines of employment, some of which were hazardous and some nonhazardous, who was injured while working in one of the nonhazardous

employments, which was in no way incident to a hazardous employment, was entitled to compensation.

The word "employé" as defined in section 3, subd. 4 (prior to the amendment of 1916), "means a person who is engaged in a hazardous employment in the service of an employer carrying on or conducting the same. * * *" Section 2 of the Workmen's Compensation Law awards compensation to employés "engaged in the following hazardous employments"; and this right of compensation concededly extended to an employment which was an incident to a hazardous employment. That the injury must have arisen out of a hazardous employment, or in other words have been sustained while the employé was engaged in a hazardous employment, or in an employment incident to a hazardous employment, in order to justify making an award, has been held in several cases, among others Matter of Newman v. Newman, 113 N. E. 332 (decided June 6, 1916, 169 App. Div. 745, 155 N. Y. Supp. 665; Matter of Mihm v. Hussey, 169 App. Div. 742, 155 N. Y. Supp. 860; Gleisner v. Gross & Herbener, 170 App. Div. 37, 155 N. Y. Supp. 946; Sickles v. Ballston Refrigerating Storage Co., 171 App. Div. 108, 156 N. Y. Supp. 864.

The decision of the commission should be reversed, and the award vacated. All concur.