It follows that the judgment of conviction should be affirmed.

CLARKE, P. J., SMITH, PAGE and MERRELL, JJ., concur.

Judgment and order affirmed.

---

Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of BASCO POLUCCI, Respondent, for Compensation under the Workmen's Compensation Law, v. EMERSON NORRIS Co., Employer, and GLOBE INDEMNITY COMPANY, Insurance Carrier, Appellants.

Third Department, March 9, 1921.

Workmen's Compensation Law — loss of fourth finger and loss of use of third finger — erroneous award under section 15 — authority of Industrial Commission to increase award to loss of one-third of hand in interest of justice, under section 74 — when payment of increased compensation should begin — informal procedure disapproved.

Where an employee met with an accident cutting off his fourth finger and badly crushing the bone of the third finger and an award was made under section 15 for the loss of the fourth finger and the loss of use of the third finger, and two years later application was made for compensation for the loss of one-third of a hand, the award was properly increased under authority of section 74, in the interest of justice, since the claimant should have received the increased award in the first instance.

The payment of the increase should commence at the termination and payment of the previous award.

Informal proceedings for the increase of an award disapproved.

APPEAL by the defendants, Emerson Norris Co. and another, from an award of the State Industrial Commission, entered in the New York office of the said Commission on the

4th day of June, 1920, and also from an order of said Commission entered in its New York office on the 4th day of August, 1920, denying the application of the defendants to reopen the case and affirming the award theretofore made.

*Robert M. McCormick* [*Joseph F. Murray* of counsel], for the appellants.

*Charles D. Newton,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, and *Bernard L. Shientag* of counsel to State Industrial Commission], for the respondents.

KILEY, J.:

Claimant is a pattern maker, and while so engaged in the plant of his employer at Tuckahoe, Westchester county, N. Y., on February 2, 1918, met with an accident cutting off his fourth finger and badly crushing the bone of the third finger. Employer and employee filed an agreement for compensation at fifteen dollars per week which was approved by the State Industrial Commission and an award made accordingly. The basis of this award was " twenty-five weeks for loss of use of third finger and fifteen weeks for loss of fourth finger; total, forty weeks, and case closed." This decision was made after a hearing had April 30, 1918. On June 1, 1920, more than two years after the previous award was made, and with no record evidence of how the Commission was again set in motion, a physician was called in and said the injury constituted the loss of one-third of the hand. Without delay, brushing aside argument or suggestion, a decision was then and there made, as follows: " Decision: Modify previous award to read: Eighty-one and one-third weeks at $19.23 for loss of one-third of the hand." The first award was made under the provisions of section 15, subdivision 3, of the Workmen's Compensation Law (as amd. by Laws of 1917, chap. 705). The modified award was made under the same section and subdivision. The carrier objects that this cannot be done. The source of power in the Commission for such procedure is found in sections 22 and 74 of the Workmen's Compensation Law, viz., when conditions have changed, or in the interest of justice. It is conceded in this record that there is no change in conditions. Under the provisions of section 15 (*supra*) there is

no question but what the claimant was entitled to the award last made. Under section 74 of the Workmen's Compensation Law I think the Commission could say that when a claimant has received less than the maximum he is entitled to, it is an injustice to him if he does not receive that amount. The reason given by the Commissioner presiding at the hearing when the last award was made was that " what they forgot to do is to give him part of the hand." While I do not like the informal procedure by which this result was reached, I think justice was done. Such conclusion is upheld in *Beckmann* v. *Oelerich & Son* (174 App. Div. 353) and *Kriegbaum* v. *Buffalo Wire Works Co., Inc.* (182 id. 448). The increase over fifteen dollars a week should commence at the termination and payment of the previous award (*Salotar* v. *Neuglass & Co.*, 228 N. Y. 508), and as so modified should be affirmed.

All concur.

Award modified as per memorandum, and as modified affirmed.