Before STATE INDUSTRIAL BOARD, Respondent.

LUNZIO TOLLOID, Respondent, *v.* A. W. HOPEMAN & SONS COMPANY and Another, Appellants.

Third Department, June 27, 1924.

Workmen's compensation — award for loss of 70 per cent of use of right foot after award for loss of 50 per cent with credit for prior award — second award is proper and does not affect prior award within Workmen's Compensation Law, § 22.

It is proper to make an award for the loss of seventy per cent of the use of the right foot of a claimant under subdivisions 3,d and 3,s of section 15 of the Workmen's Compensation Law and direct payment of compensation for a period of 143.5 weeks after an award has been made under the same subdivisions for a period of 102.5 weeks based on a loss of fifty per cent of the use of the foot, where credit is given in the last award for payments made under the first. The second award in reality merely extends the period of compensation representing the difference between fifty per cent and seventy per cent loss of the use of the foot. The second award does not, therefore, affect the former as regards any moneys already paid within the meaning of the last sentence of section 22 of the Workmen's Compensation Law.

APPEAL by the defendants, A. W. Hopeman & Sons Company and another, from a decision and award of the State Industrial Board, made on the 27th day of September, 1923.

*William H. Foster,* for the appellants.

*Carl Sherman, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

COCHRANE, P. J.:

The Board finds that the claimant has lost seventy per cent of the use of his right foot. This finding is supported by the evidence. An award has accordingly been made for the payment of compensation for a period of 143.5 weeks as authorized by section 15, subdivision 3,d and subdivision 3,s, of the Workmen's Compensation Law. An award directing payment of compensation under the same provisions of the statute for a period of 102.5 weeks based on a loss of fifty per cent of the use of the foot was made and paid prior to the present award. The weekly rate of compensation, however, has not been changed. The award under review in reality merely extends the period of compensation from 102.5 weeks to 143.5 weeks, representing the difference between fifty per cent and seventy per cent of the use of the foot, and credit is given in the last award for payments made under the first award. The latter award does not, therefore, affect the former " as regards

any moneys already paid " within the meaning of the last sentence of section 22. The method pursued herein is authorized by precedent. (*Polucci* v. *Norris Co.*, 195 App. Div. 805; *Neglea* v. *Zimmerman Corporation*, 206 id. 634.)

The award should be affirmed, with costs in favor of the State Industrial Board.

Award unanimously affirmed, with costs in favor of the State Industrial Board.