Circuit Court of Appeals, Third Circuit. December 10, 1928.

No. 3952.

D. H. Jackson, of Christiansted, St. Croix, Virgin Islands, for appellant.

J. C. Fox, of Christiansted, St. Croix, Virgin Islands, for the People of the Virgin Islands.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

PER CURIAM. Property feloniously taken from the owner's house was found in the personal possession of the accused.' As he made an unsatisfactory explanation of how he had acquired it, we find that the rule of evidence in larceny cases in respect to property recently stolen and found in the possession of one other than the owner was not improperly applied. 17 R. C. L. 71-74.

The judgment is affirmed.

## F. JARKA CO., Inc., et al. v. MONAHAN, Deputy Commissioner et al.

District Court, D. Massachusetts. December 17, 1928.

No. 3025.

Brown, Field & McCarthy, of Boston, Mass., for plaintiffs.

The United States Attorney, for defendant.

M. J. Connolly, of Boston, Mass., for claimant.

MORTON, District Judge. This is an injunction proceeding under section 21 (b) of the Longshoremen's and Harbor Workers' Compensation Act, approved March 4, 1927 (33 USCA § 921 (b) to set aside a compensation order made in favor of the defendant Jennings, a longshoreman, who was injured in the course of his employment by the plaintiff Jarka. The other plaintiff is Jarka's insurer. There is no dispute about the facts; they are in substance as alleged in the bill of complaint. Those material to the present questions may be briefly stated:

The accident happened on August 22, 1927, at Boston. Mr. Gordon was the deputy commissioner under the act for this district. He held a hearing, upon the issue of the termination of the employee's incapacity, at which witnesses for both parties testified and the matter was fully heard, and he found that after April 18, 1928, Jennings was able to resume his full work. His findings, which included a compensation order up to that date, were duly filed on April 23, 1928. Mr. Gordon's order left nothing open; on its

face it closed the case. No proceedings to suspend it or to set it aside were ever taken. After this order had become final, and after Mr. Gordon had died, the defendant Monahan, who succeeded him as deputy commissioner, reopened the matter against the objections of the present plaintiffs, and on August 31, 1928, made a further compensation order, ordering the payment of partial disability compensation from April 19, 1928, to August 1, 1928, and total disability compensation for an indefinite time continuing thereafter.

The plaintiffs contend that Mr. Monahan had no jurisdiction to reopen the case and make such an order. The act in question is so recent that there are few decisions under it, and none which throws any light upon the present question. Cases arising under other compensation statutes are not precisely in point, because of differences in the language used. Inasmuch, however, as all such statutes have the same object, and go at it in much the same way, decisions under them are helpful on the present question. It has generally been held that orders resembling those of Mr. Gordon, which purport to deal finally with the matter and leave nothing open for further action, constitute a final decision, and render the question of compensation res judicata. See Brode's Case, 251 Mass. 414, 146 N. E. 731. The New York statute has an explicit provision giving power to the commission to reopen an award at any time. Nothing equivalent is found in either the Massachusetts or the federal statutes. The New York cases which have been referred to for the defendants are based on this provision of that statute. Beckmann v. J. W. Oelerich & Son, 174 App. Div. 353, 160 N. Y. S. 791; Polucci v. Emerson Norris Co., 195 App. Div. 805, 187 N. Y. S. 52; Metcalf v. Firth Carpet Co., 196 App. Div. 790, 188 N. Y. S. 448.

The statute here in question, by section 22 (33 USCA § 922), gives power to the deputy commissioner to review and modify an order "at any time during the term of an award and after the compensation order in respect of such award has become final." As has been stated, Mr. Monahan's order was not made during the term of the Gordon award, which had been completed and run out two or three months before the institution of the proceedings which led to the new order. The argument for Jennings is in effect that the deputy commissioner is free to disregard these restrictive expressions, and has the power at any time to reopen any award, whenever in his opinion the interest of justice requires such action. Such a view does not seem to me to be sound. Words like those here in question ought not to be erased from a statute by judicial construction, without strong reasons for such an interpretation; it is the duty of the courts to give effect to all parts of a statute, as far as possible. It cannot be said that this provision is repugnant to the rest of the statute, and obviously the result of inadvertence or mistake. On the contrary, there is a plain reason for it. Congress evidently thought that there ought at some point to be an end to litigation, and a final determination as to claims under this statute, as there is for claims of other sorts; that all parties concerned were in justice entitled to have their rights and liabilities settled, and to know where they stood. This view led to the insertion of the provision under discussion, which in my opinion is applicable and is valid.

It follows that Mr. Monahan was without power to reopen the matter and issue a new order on August 23, and that an injunction should issue restraining its enforcement.

Decree accordingly.