In the Matter of the Claim of S. W. BOWNE, Respondent, against S. W. BOWNE COMPANY et al., Appellants.

STATE INDUSTRIAL COMMISSION, Respondent.

**Workmen's Compensation Law** — the president and principal executive officer of a corporation, engaged in a hazardous occupation, not an "employee" entitled, under the statute, to compensation for injuries received while assisting other employees in performing manual labor.

1. The intention of the lawgiver is to be sought first in the words of a statute, and, if they are obscure, in the occasion of the enactment and in the policy which dictated it, when that can legitimately be ascertained.

2. The words of section 3 of the Workmen's Compensation Law (Cons. Laws, ch. 67) defining "employer" and "employee" are not clear, but, construed in the light of the legislative purpose, they do not justify the conclusion that the distinction between the higher executive officers of a corporation and its workmen was obliterated. A workman in a broad sense is one who works in any department of physical or mental labor, but, in common speech, is one who is employed in manual labor, such as an artificer, mechanic or artisan, while an employee in a broad sense is one who receives salary or wages or other compensation from another, but in common speech is usually applied to clerks, laborers, etc., and not to the higher officers of a corporation.

3. The president and principal executive officer of a corporation which employs workmen in carrying on a hazardous occupation is not entitled as such to the benefits of the Workmen's Compensation Law as an employee if he meets with an accident.

*Matter of Bowne* v. *Bowne Co.*, 176 App. Div. 131, reversed.

(Argued April 20, 1917; decided May 8, 1917.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 17, 1917, affirming an award of the state industrial commission made under the Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*Jeremiah F. Connor* for appellants. The claimant was not an employee or a workman within the meaning of the Workmen's Compensation Law. (*Bristor* v. *Smith,* 158 N. Y. 157; *Palmer* v. *Van Santvoord,* 153 N. Y. 612; *Matter of Petrie,* 215 N. Y. 335; *Post* v. *Burger & Gohlke,* 216 N. Y. 544; *Rheinwald* v. *Builders' B. & S. Co.,* 168 App. Div. 425; *Simpson* v. *Ebba Vale Steel, Iron & Coal Co.,* L. R. [1905] 1 K. B. 453; *Bagnall* v. *Levinstein,* L. R. [1907] 1 K. B. 531; *Sibley* v. *State,* 96 Atl. Rep. 161.)

*Henry B. Gayley* for respondent. Claimant, respondent, was an employee within the meaning of the Workmen's Compensation Law. (Cons. Laws, ch. 67, § 3,

subd. 3; *Matter of Rheinwald* v. *Builders' B. & S. Co.*, 168 App. Div. 425; *Matter of Larsen* v. *Paine Drug Co.*, 218 N. Y. 252; *Matter of Collins* v. *B. U. Gas Co.*, 171 App. Div. 381; *Sullivan* v. *Industrial Engineering Co.*, 173 App. Div. 65; *Gurney* v. *A. & G. W. R. R. Co.*, 58 N. Y. 358; *Aken* v. *B. & C. Co.*, 118 App. Div. 463; 192 N. Y. 554; *Ericsson* v. *Brown*, 38 Barb. 390; *Coffin* v. *Reynolds*, 37 N. Y. 640; *Wakefield* v. *Fargo*, 90 N. Y. 213; *Matter of Stryker*, 158 N. Y. 526.)

POUND, J.   The question presented on this appeal is whether the president and principal executive officer of a corporation which employs workmen in carrying on a hazardous occupation is entitled as such to the benefits of the Workmen's Compensation Law (Cons. Laws, ch. 67) as an employee if he meets with an accident.

The claimant was the president and majority stockholder of S. W. Bowne Company, which was engaged in the manufacture of cattle foods. (Group 29.)   He was the principal executive officer.   His salary was $70 a week.   He met with an accident on March 6, 1916, while performing manual labor, assisting other employees of the corporation in handling lumber, which resulted in the loss of his left leg.   His salary was not interrupted by the accident.   His stock dividends in the preceding year amounted to $30,000.   The industrial commission found he was "*employed* as president" of the company and that the accident arose out of and in the course of such employment and awarded him the maximum compensation of $20 per week for two hundred and eighty-eight weeks.   The compensation payment for the loss of a leg shall not exceed $20 a week.   (Workmen's Compensation Law, § 15, subd. 5.)

Conceding that a corporation may employ its officers as workmen, to handle lumber, operate lathes or set brakes, or to act as superintendents and foremen, it must also be conceded that the higher executive officers of a

corporation are not, as such, its employees in the ordinary use of the word, nor are they expected to perform manual labor. The question is plainly presented whether the principal executive officer of a corporation is an employee within the definition of the word contained in the Workmen's Compensation Law. "The intention of the law giver is to be sought first in the words of a statute, and, if they are obscure, in the occasion of the enactment and in the policy which dictated it, when that can legitimately be ascertained." (*Palmer* v. *Van Santvoord,* 153 N. Y. 612, 615.)

The title of the Workmen's Compensation Law is as follows: "An act in relation to assuring compensation for injuries or death of *certain employees* in the course of their employment and repealing certain sections of the Labor Law relating thereto, constituting chapter sixty-seven of the Consolidated Laws."

Section 1 provides that it shall be known as the *Workmen's* Compensation Law. Section 2 provides for compensation to *employees.* Section 3 defines *employer* and *employee* as follows:

" 3. 'Employer,' except when otherwise expressly stated, means a person, partnership, association, corporation, and the legal representatives of a deceased employer, or the receiver or trustee of a person, partnership, association or corporation, employing *workmen* in hazardous employments including the state and a municipal corporation or other political subdivision thereof (Subd. 3, amd. by L. 1914, ch. 316). 4. 'Employee' means a person who is engaged in a hazardous employment *in the service of* an employer carrying on or conducting the same upon the premises or at the plant, or in the course of his employment away from the plant of his employer; and shall not include farm laborers or domestic servants."

The words of the statute are not clear. A workman in a broad sense is one who works in any department of physical or mental labor, but, in common speech, is one

who is employed in manual labor, such as an artificer, mechanic or artisan, while an employee in a broad sense is one who receives salary or wages or other compensation from another (*Gurney* v. *Atlantic & G. W. Ry. Co.*, 58 N. Y. 358), but in common speech the term is usually applied to clerks, laborers, etc., and not to the higher officers of a corporation. The statutory definition speaks of one "*in the service*" of an employer. In a broad sense the officers of a corporation serve it, but in common speech they are not referred to as its servants or employees. (*Matter of Stryker*, 158 N. Y. 526.)

We turn to the occasion of the enactment and the policy thereof. In *Matter of Petrie* (215 N. Y. 335, 338) it was held that "The Workmen's Compensation Law was adopted in deference to a widespread belief and demand that compensation should be awarded to *workmen* who were injured and disabled temporarily or permanently in the course of their employment, even though sometimes the accident might occur under such circumstances as would not permit a recovery in an ordinary action at law. The underlying thought was that such a system of compensation would be in the interest of the general welfare by preventing a *workman* from being deprived of means of support as the result of an injury received in the course of his employment. The statute was the expression of what was regarded by the legislature as a wise public policy concerning injured employees." And in *Matter of Post* v. *Burger & Gohlke* (216 N. Y. 544, 553) this court said: "The act was passed pursuant to a widespread belief in its value as a means of protecting *workingmen* and their dependents from want in case of injury when engaged in certain specified hazardous employments. It was the intention of the legislature to secure such injured workmen and their dependents from becoming objects of charity." In *N. Y. Central R. R. Co.* v. *White* (243 U. S. 188) Mr. Justice PITNEY, delivering the opinion of the court on the constitutionality of the Workmen's

Compensation Law of this state, said: "In support of the legislation, it is said that the whole common law doctrine of employer's liability for negligence, with its defenses of contributory negligence, fellow-servant's negligence, and assumption of risk, is based upon fictions, and is inapplicable to modern conditions of employment; that in the highly organized and hazardous industries of the present day the causes of accident are often so obscure and complex that in a material proportion of cases it is impossible by any method correctly to ascertain the facts necessary to form an accurate judgment, and in a still larger proportion the expense and delay required for such ascertainment amount in effect to a defeat of justice; that under the present system the *injured workman* is left to bear the greater part of industrial accident loss which *because of his limited income he is unable to sustain, so that he and those dependent on him are overcome by poverty and frequently become a burden upon public or private charity;* and that litigation is unduly costly and tedious, encouraging corrupt practices and arousing antagonisms between employers and employees."

The words of the statute, construed in the light of the legislative purpose, do not justify the conclusion that the distinction between the higher executive officers of the corporation and its workmen was obliterated. (*Bristor* v. *Smith,* 158 N. Y. 157; *Wakefield* v. *Fargo,* 90 N. Y. 213; *Matter of Stryker,* 158 N. Y. 526.) The short title of the act, the limitation thereof to employers *employing workmen,* the evil to be remedied, the method of remedying the evil, the obvious incongruity of applying the law to the principal executive officer of a corporation as an accident insurance at the maximum rate of not to exceed $20 a week based on loss of earning power, all point conclusively to a distinction between such an officer and other employees which the court should not disregard.

The claimant in this case is willing, in order to collect a workman's allowance for himself from the insurance

carrier, to assume a *status* that he might be the first to disclaim for any other purpose. . Theoretically he was subject to the orders of his corporation and was liable to be discharged for disobedience. Practically he *was* the corporation and only by a legal fiction its servant in any sense. Section 30 of the act provides that "no *benefits, savings or insurance* of the injured employee, independent of the provisions of this chapter, shall be considered in determining the compensation or benefits to be paid under this chapter." But these words are appropriate to the meager advantages of a workman and not to the comfortable dividends of the stockholder. Upon the most liberal construction contended for consistent with the purpose of the law the order should be reversed, with costs in this court and in the Appellate Division against the industrial commission, and the claim dismissed.

HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, McLAUGH-LIN and ANDREWS, JJ., concur.

Order reversed, etc.