Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of MORRIS BERMAN, Respondent, for Compensation under the Workmen's Compensation Law, *v.* RELIANCE METAL SPINNING AND STAMPING COMPANY, Employer, and MARYLAND CASUALTY COMPANY, Insurance Carrier, Appellants.

Third Department, May 7, 1919.

**Workmen's Compensation Law — right of superintendent to compensation although a stockholder and treasurer of the employer — award — estimate of proportionate loss of use of hand — commutation of award and payment of lump sum.**

A superintendent or manager of a plant injured while in the discharge of the duties in which he was regularly employed is entitled to an award although he was the treasurer of the company and was paid a salary of $5,000 a year.

It is the character of the employment which determines the right to relief under the statute, and not the fact that the claimant is a stockholder and officer of the employer.

Where a claimant lost four fingers on his right hand, it was competent for the Commission to estimate the proportionate loss of the hand.

While the commuting of awards and the payment of lump sums is not to be encouraged and should not be resorted to except in special cases where justice will be promoted, such a disposition should not be interfered with where the parties originally acquiesced therein.

LYON and COCHRANE, JJ., dissented.

APPEAL by the defendants, Reliance Metal Spinning and Stamping Company and another, from a decision and award of the State Industrial Commission, entered in the office of said Commission on the 13th day of December, 1918, confirming a prior award.

An appeal is also taken from said prior award.

*James J. Mahoney* [*George J. Stacy* with him on the brief], for the appellants.

*Charles D. Newton, Attorney-General,* and *Robert W. Bonynge,* counsel to Commission [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondent Commission.

*Joseph L. Prager* [*Jacob M. Poss* of counsel], for the claimant, respondent.

WOODWARD, J.:

Morris Berman is the owner of a considerable number of shares of stock in the Reliance Metal Spinning and Stamping Company, and is the treasurer of such company, though his duties as treasurer appear to be comparatively unimportant. He was on July 30, 1918, at the time of the accident resulting in the loss of four of his fingers on the right hand, employed as manager of the plant, and was engaged in instructing an employee in the use of a machine. No question is raised as to the general character of his employment; no one questions that he was injured while in the discharge of his ordinary duties; but it is urged that because he was the treasurer of the company, and was paid a salary of $5,000 per year, he was not within the Workmen's Compensation Law; and the case of *Matter of Bowne* v. *Bowne Co.* (221 N. Y. 28) is relied upon for this contention. We think there is a clear distinction in the cases. The Industrial Commission in that case found that the claimant was "employed as president," and he was injured while temporarily assisting some laborers in handling lumber. He was paid a salary of $70 per week in his employment as president, and this salary was continued after the accident, the claimant being the majority stockholder of the corporation, and it is entirely obvious from the facts stated that the claimant was not employed in a hazardous occupation within the meaning of the statute, for he was employed as president, and there is nothing in the duties of a president of a manufacturing corporation, having charge of the business, which requires him to handle lumber. He was not, so far as appears from the case, employed for such a purpose.

Here the claimant is a high-priced laborer, the superintendent of the plant, and he is injured while in the discharge of the duties in which he is regularly employed, and of course is entitled to the same protection which comes to any other man actually employed in a hazardous work. It is not the fact that a man is a stockholder and officer of the corporation that determines; it is the character of his employment. If the claimant had been employed as treasurer of the corporation at a fixed salary as such treasurer, and he was employed for that purpose and such duties as should be incident to such

employment, he would not be entitled to compensation if he went out into the factory and undertook other employment, because he would not be employed for such a purpose; would not be within the contemplation of the insurance. But this man was included in the insurance as superintendent or manager of the plant, and while engaged in his regular employment he was within the letter and the spirit of the act.

We are of the opinion that under the statute it was competent for the Industrial Commission to estimate the proportionate loss of the use of claimant's hand, and that the award is not to be disturbed on this account.

While the commuting of awards and the payment of lump sums is not to be encouraged, and should not be resorted to except in special cases where justice will be promoted upon the shown facts, we think there is no occasion for interference here, as the parties appear to have originally acquiesced in this disposition, while questioning the authority to make the award.

The award of the State Industrial Commission should be affirmed.

All concurred, except LYON and COCHRANE, JJ., dissenting.

Award affirmed.