Before State Industrial Commission, Respondent.

In the Matter of the Claim of Frank L. Kolpien, Respondent, *v.* O'Donnell Lumber Company, Employer, and The Lumber Mutual Casualty Insurance Company of New York, Insurance Carrier, Appellants.

Third Department, May 14, 1920.

**Workmen's Compensation Law — injury to president, general manager and principal stockholder of employer — award affirmed — section 54, subdivision 6, applied.**

Where the claimant, who was the president, general manager and principal stockholder of the employer, was injured while performing his duties as general manager, and the policy of insurance issued to the employer covered the claimant and the premium paid therefor specifically covered his proportion of the insurance, an award should be affirmed, in view of subdivision 6 of section 54 of the Workmen's Compensation Law.

Appeal by the defendants, O'Donnell Lumber Company and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 25th day of July, 1919.

*D. Theodore Kelly* and *Howard B. Harte,* for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* and *Bernard L. Shientag* of counsel], for the respondent State Industrial Commission.

*J. L. Hurlbert,* for the claimant, respondent.

Kiley, J.:

The O'Donnell Lumber Company is a corporation which runs a planing mill at Dunkirk, N. Y. The claimant was president and general manager, receiving a salary of $2,500 a year. He worked in the lumber yard, cut glass, set glass, operated machinery, including planer, jointer, circular and band saws. The policy of insurance issued to this employer covered the claimant and the premium paid therefor specifically covered his proportion of the insurance. The policy, issued on Septem-

ber 17, 1918, was in effect on December 6, 1918, the day when claimant was injured; while operating the rip saw, a piece of board, wedged in the gig saw, flew, hit his left hand, crippling it. The employer and insurance carrier contend that he is not entitled to compensation because he was president as well as general manager, and that he owned a majority of the stock; that *Matter of Bowne* v. *Bowne Co.* (221 N. Y. 28) and *Kennedy* v. *Kennedy Mfg. & Engineering Co.* (177 App. Div. 56; reargued, 182 id. 907) settle the law against the claimant. We have written in *Hubbs* v. *Addison Electric Light & Power Co.* (191 App. Div. 765), argued at this term, raising the same question; and we have found that the amendment (Laws of 1916, chap. 622) to section 54 of the Workmen's Compensation Law which went into effect June 1, 1916, adding to the section subdivision 6, took that case, and, if we are right, takes this case, out of the rule laid down in *Matter of Bowne* v. *Bowne Co.*, cited by appellants, because the amendment was enacted after the accident in *Matter of Bowne* v. *Bowne Co.* occurred.

The award should be affirmed.

Award unanimously affirmed.