Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim for Compensation under the Workmen's Compensation Law Made by MELVIN G. HUBBS, Respondent, *v.* ADDISON ELECTRIC LIGHT AND POWER COMPANY, Employer, Defendant, and UTILITIES MUTUAL INSURANCE COMPANY, Insurance Carrier, Appellant.

Third Department, May 14, 1920.

**Workmen's Compensation Law — section 54, subdivision 6, construed and applied — injury to general manager, secretary and treasurer and principal stockholder of employer — premium based on payroll including estimation of wage value of claimant — award affirmed.**

Subdivision 6 of section 54 of the Workmen's Compensation Law, added by chapter 622 of the Laws of 1916, is in effect permissive and contemplates future action; it is not retroactive.

Where the claimant, who was general manager, secretary and treasurer and principal stockholder of the employer, was insured as general manager only, and was injured while engaged in performing his duties as such in and about the employer's plant, and the evidence sustains the finding that the estimation of his wage value was reasonable and separately stated in and added to the valuation of the payroll of the corporation upon which the whole premium was computed, an award should be affirmed, in view of section 21 and subdivision 6 of section 54 of the Workmen's Compensation Law.

APPEAL by the defendant, Utilities Mutual Insurance Company, from an award of the State Industrial Commission, made on the 17th day of November, 1919, and entered in the office of the said Commission.

*Edward R. Rayher*, for the appellant.

*Charles L. Crane*, for the claimant, respondent.

*Charles D. Newton*, Attorney-General [*E. C. Aiken*, Deputy Attorney-General, and *Bernard L. Shientag* of counsel], for the respondent State Industrial Commission.

KILEY, J.:

The Addison Electric Light and Power Company is located at Addison, N. Y. It manufactures and sells electricity, used solely for lighting, publicly and privately, the village of Addison, N. Y. The claimant was the general manager, secretary and treasurer of that company; as general manager he received $100 a month and additional salaries for performing the duties of his other offices in the company, if the company made profit enough out of the business to pay the same. He owned 1,950 shares out of 2,300 shares of the stock; approximately eighty-five per cent. The par value of stock was $10 a share. As general manager he did labor in and about the plant, repairing wires, apparatus and generally was depended upon to keep the plant going and producing the product in which it dealt. On December 1, 1918, he had repaired a gas producer and was standing on a coal hopper about three feet above the gas producer, reaching up to put an electric light bulb in the socket when he received a shock from the electricity and fell over backwards; he struck on the stem of the safety valve of the producer, which projected about three inches; it pierced the back near the tenth dorsal vertebra, fractured the spinus process of the vertebra,

punctured the left lung, and produced complete paralysis. The corporation paid the Utilities Mutual Insurance Company, the carrier and appellant herein, for compensation insurance on the claimant as general manager only. The policy seems to have been issued in June or July, 1918, and expired on June 30, 1919. The appellant urges that under the ruling in *Matter of Bowne* v. *Bowne Co.* (221 N. Y. 28); *Howard* v. *Howard* (Id. 605); *Sharlow* v. *Sharlow Brothers Co.* (181 App. Div. 963), and *Kennedy* v. *Kennedy Mfg. & Engineering Co.* (177 id. 56; revd. on reargument, 182 id. 907), the respondent is not entitled to the award. The decisions on all subsequent appeals were based upon *Matter of Bowne* v. *Bowne Co.* (221 N. Y. 28). Chapter 622 of the Laws of 1916 amended the Workmen's Compensation Law by adding subdivision 6 to section 54, which reads as follows: "Any insurance carrier may issue policies, including with employees, employers who perform labor incidental to their occupations, such policies insuring to such employers the same compensations provided for their employees, and at the same rates; provided, however, that the estimation of their wage values, respectively, shall be reasonable and separately stated in and added to the valuation of their pay rolls upon which their premium is computed. The employer so insured shall have the same rights and remedies given an employee by this chapter." This amendment to the law took effect June 1, 1916; it is in effect permissive and contemplates future action; it is not retroactive. The claimant in *Matter of Bowne* v. *Bowne Co.* (221 N. Y. 28) met with his accident March 6, 1916. He was not protected by the provision of subdivision 6 of section 54. The decision in the Court of Appeals was rendered in May, 1917. *Howard* v. *Howard* (221 N. Y. 605) was decided in July, 1917, reversing 176 Appellate Division, 940, which was argued in the Appellate Division in January, 1917. The records on appeals in the last cited cases show the dates of the accidents; the amendment is not referred to in either of the opinions or memoranda handed down; it is reasonable to conclude that the accident occurred prior to June 1, 1916. The accident in *Howard* v. *Howard* (*supra*) happened on January 4, 1916, resulting in death on the same day. The accident in *Kennedy* v. *Kennedy Mfg. & Engineering Co.* (177 App. Div. 56) occurred on March 24,

1915, which was before June 1, 1916; the award appealed from in that case was made May 25, 1916; the award was affirmed; on a reargument (182 App. Div. 907) the award was reversed on authority of *Matter of Bowne* v. *Bowne Co.* and *Howard* v. *Howard* (*supra*). *Sharlow* v. *Sharlow Brothers Co.* (181 App. Div. 963) was decided by this court in December, 1917. No opinion was handed down and the date of the accident does not appear in the report. The record therein says the accident occurred March 29, 1917. That would be nine or ten months after the amendment to section 54 took effect. The decision in this case was based upon and followed *Matter of Bowne* v. *Bowne Co.* (*supra*), where the accident occurred before June 1, 1916, when the amendment took effect. It should appear, however, that in *Sharlow* v. *Sharlow Brothers Co.* (*supra*) the salary of the injured employee, who was a stockholder and officer, was included by the employer company in the payroll and the premium to be paid was based upon that payroll, and it was contended by the Attorney-General that that fact brought the case within subdivision 6 of section 54, while the insurer claimed and urged that the intent of the employer alone was not controlling, but that the subdivision contemplated an act by the insurer as well as the insured; that the policy should show a joint contemplation of the parties to the contract of insurance embracing the employer and the officer therein. It was, therefore, considered that the case did not come within the subdivision and was controlled by *Matter of Bowne* v. *Bowne Co.* (*supra*). If this amendment means anything it covers the claimant on this appeal, providing the Commission has found the following question or questions of fact in his favor, viz., that the estimation of his wage value was reasonable and separately stated in and added to the valuation of the payroll of the corporation upon which the whole premium was computed. The record sustains the finding of the Commission on these questions; and under section 54, subdivision 6, and section 21 of the Workmen's Compensation Law, the award should be affirmed.

Award unanimously affirmed.