Before State Industrial Commission, Respondent.

In the Matter of the Claim of Irving Skouitchi, Respondent, for Compensation under the Workmen's Compensation Law, v. Chic Cloak and Suit Company, Inc., Employer, and General Accident, Fire and Life Assurance Corporation, Ltd., Insurance Carrier, Appellants.

Third Department, July 8, 1920.

**Workmen's Compensation Law — subdivision 6 of section 54 construed — when officer of corporation injured while performing labor not entitled to award.**

For employers to receive the benefit of the Workmen's Compensation Law it is required by subdivision 6 of section 54, *first*, that there shall be a reasonable " estimation of their wage values " as distinguished from

their salaries or compensation as such employers or as officers thereof in case the employers are corporations; *second*, such reasonable estimation shall be " separately stated " in the payrolls; and *third*, it shall be " added to the valuation " of the payrolls.

The president and treasurer of a corporation engaged in the business of making women's apparel who was injured in said occupation is not entitled to an award under the Workmen's Compensation Law, although his salary was included in the payroll, audited by the insurer and a premium was paid on such salary, if there was no estimation of the labor incidental to the claimant's occupation as distinguished from his salary as an officer of the corporation and it does not appear that such estimation was reasonable and separately stated in and added to the valuation of the payroll. Under such circumstances there has been no compliance with the requirements of subdivision 6 of section 54 of the statute governing the right of employers to an award for injuries received.

An employer does not become an employee merely because he performs work ordinarily performed by employees. It is not the work which such person was doing when he received the injury but the capacity in which, at the time, he was acting and his relation to the business that determines his right to an award. .

JOHN M. KELLOGG, P. J., and KILEY, J., dissent, with opinions.

APPEAL by the defendants, Chic Cloak and Suit Company, Inc., and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 24th day of October, 1919.

*Alfred W. Meldon,* for the appellants.

*Charles D. Newton, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

COCHRANE, J.:

The employer is a corporation of which the claimant is its president and treasurer. The question here presented is whether he is also an employee within the meaning of the Workmen's Compensation Law so as to be entitled to an award for injuries received in the performance of his duty.

Subdivision 6 of section 54 of the act (as added by Laws of 1916, chap. 622) gives to injured employers performing labor incidental to their occupations the same rights and remedies as are given employees, " provided, however, that the estimation of their wage values,

respectively, shall be reasonable and separately stated in and added to the valuation of their pay rolls upon which their premium is computed." This statute contemplates insurance of employers not in their occupations as such employers but for " labor incidental " to such occupations. For employers to receive the benefit of the statute it is required, *first,* that there shall be a reasonable " estimation of their wage values " as distinguished from their salaries or compensation as such employers or as officers thereof in case the employers are corporations; *second,* such reasonable estimation shall be " separately stated " in the payrolls; and *third,* it shall be " added to the valuation " of the payrolls. The purpose of these requirements is that there shall be a joint contemplation by both the insurer and the insured that accidents to the employer are included in the risk. (*Hubbs* v. *Addison Electric Light & Power Co.,* 191 App. Div. 765, in explaining *Sharlow* v. *Sharlow Brothers Co.,* 181 id. 963.) By an examination of the payroll it is intended that the insurer shall be made aware of its liability and the extent thereof. The employer in such a case is insured not as the proprietor of the business but for the performance of labor incidental to such proprietorship and to that extent is placed on the same basis as his employees and is insured accordingly for such incidental labor. In the present case it appears that the salary of the claimant was included in the payroll which was audited by the insurer and that a premium was paid to the insurer on such salary. But it does not appear that there was any estimation of the " labor incidental " to the claimant's occupation as distinguished from his salary as an officer of the corporation nor does it appear that such estimation was " reasonable.and separately stated in and added to the valuation of " the payroll. There has been no compliance with the statute in the particulars indicated and the claimant is not entitled to its benefits.

In *Berman* v. *Reliance Metal Spinning & Stamping Co.* (187 App. Div. 816) it was held by a closely divided court that the claimant although treasurer of the corporation was entitled to an award. But that case is clearly distinguishable from the present case. The theory of the award was that the claimant was " a high-priced laborer, the superintend-

ent of the plant." The corporation in the present case has
a capital of only one thousand two hundred dollars, consisting
of 120 shares of ten dollars each. The claimant owns 10 shares
and the other stockholders are his father and two brothers.
No dividends have ever been paid. The claimant and his
father are the active members of the corporation, the two
brothers taking no part in the management thereof. The
claimant drew twenty-five dollars a week and his father fif-
teen dollars. Forty dollars a week was paid to the claimant's
mother apparently for housekeeping expenses, the claimant
and his father and one of the brothers constituting the
household. The business was essentially a family arrange-
ment. The work done was making women's apparel. There
were from five to fifteen employees. Claimant and his father
co-operated in the management and direction of the business.
The claimant performed such work as might have been done
by an employee and was so engaged when he received the
injury in question caused by a splinter piercing his right
thumb resulting in the partial loss of the use thereof. An
employer, however, does not become an employee merely
because he performs work ordinarily performed by employees.
In the *Berman* case it was said: " It is not the fact that a man
is a stockholder and officer of the corporation that determines;
it is the character of his employment." It may also be
pertinently said that independently of the statute it is not
the work which he is doing when he received the injury but
the capacity in which at the time he is acting and his relation
to the business which determines. The question is whether
he was in fact an employee or an employer doing work which
might have been done by an employee. That question must
be determined from all the circumstances. Here claimant
had no superior. He was not only the actual head of the
corporation but he and his father were in fact at the actual
head of the business. In answer to a question as to whether
he took orders from his father or gave orders to his father
he answered " both work hand in hand." If the business
had not been incorporated it would be essentially a partnership
with the claimant as one of the partners. He testified that
his father was " just an interested partner; " that the claimant
himself was not an employee but that he was his " own

employer " and that the only way to get rid of him was to dissolve the partnership. This testimony is not merely the mistaken inference of the claimant but correctly expresses his actual relationship to the business. He was accountable to no one in the performance of his duties. The distinction between this case and the *Berman* case is apparent.

Attention is called to the cases of *Matter of Bowne* v. *Bowne Co.* (221 N. Y. 28); *Howard* v. *George Howard, Inc.* (9 State Dept. Rep. 355; 176 App. Div. 940; revd., 221 N. Y. 605), and *Kennedy* v. *Kennedy Mfg. & Engineering Co.* (177 App. Div. 56; revd., on reargument, 182 id. 907). In those cases awards were denied because the claimants were performing corporate duties rather than the duties of employees. The principles determined in those cases are controlling in this. The mere fact that the claimant was president and treasurer of his corporation is perhaps not very important in this case. The important feature is that in his relation to the business he was in no sense an employee but had all the attributes, powers and functions of an employer.

The Legislature having provided a method whereby " employers who perform labor incidental to their occupations " may be insured for such incidental labor no just criticism can be made by an employer who fails to avail himself of the method thus provided.

The award should be reversed and the claim dismissed.

All concur, except JOHN M. KELLOGG, P. J., and KILEY, J., each dissenting wfth an opinion.

JOHN M. KELLOGG, P. J. (dissenting):

This was a family corporation, with one thousand two hundred dollars in stock, consisting of 120 shares of ten dollars each, of which the claimant owned 10 shares, one-twelfth of the corporation. The other brothers owned nearly seventy per cent of the stock and the father the balance. The claimant was paid thirty-five dollars a week for his work, the father fifteen dollars. Forty dollars a week was paid to the mother as representing the capital which the other brothers had in the business. The corporation never paid any dividends and employed from five to fifteen people in the business. The claimant was

president and treasurer, but the father, as manager, signed all the checks and vouchers, and the claimant, as president, did nothing except to preside at the stockholders' meetings. His services as president were merely nominal. He was treasurer only in name. He was the general all-round man, as he says, working on books, shipping, checking out packages, doing most everything; shipped and cleaned garments, examined garments and things of that kind. He also took orders, but did not work any in manufacturing. The manager and bookkeeper had the control of the cash income and outgo.

This case is not in the same class with *Matter of Bowne* v. *Bowne Co.* (221 N. Y. 28). There the injured employee had received in stock dividends $30,000 in the preceding year. The Court of Appeals says, " practically he was the corporation and only by a legal fiction its servant in any sense." He was denied compensation upon the ground that he was really the employer. It was not just to apply the broad principle of that case, where the stockholder was really the company and the company was engaged in large affairs, to this little corporation in which the claimant owned but a ten per cent interest and never received, and perhaps never will receive, a dividend. His only substantial interest in the corporation was his wages, thirty-five dollars a week, and he is well within *Berman* v. *Reliance Metal Spinning & Stamping Co.* (187 App. Div. 816). Here the other brothers practically owned the corporation and permitted it to be carried on for the benefit of the family. The claimant was injured while performing the general work for which he was paid.

The insurance company audited the payrolls upon which the premium on the policy was fixed, and included in the audit the salary of the claimant and his father. Both parties intended that the father and claimant should be covered by the policy, and it is fairly within the spirit of subdivision 6 of section 54 of the Workmen's Compensation Law (as added by Laws of 1916, chap. 622). (*Hubbs* v. *Addison Electric Light & Power Co.*, 191 App. Div. 765.) The proviso added to that subdivision, " that the estimation of their wage values, respectively, shall be reasonable and separately stated in and added to the valuation of their pay rolls upon which their premium is computed," has no force here from the fact that the only

real service the claimant performed for the corporation was as an employee, and there was, therefore, no division of his salary, because the wages received only represented work outside of his office as president and treasurer. Manifestly he received no compensation from the fact that he was named president and treasurer. The wages received by him were only fair compensation for an ordinary employee. The record conclusively shows that the minds of the insurer and the insured contemplated the protection of the claimant as an employee. We cannot review the conclusion of fact that the claimant was an employee, and was insured as such. I favor an affirmance.

KILEY, J. (dissenting):

The question, that claimant was not engaged in hazardous employment as defined by the Workmen's Compensation Law (§ 3, subd. 1, as amd. by Laws of 1917, chap. 705), when he received his injury, is not raised upon this appeal. Claimant testified that in getting a basis for the amount of premium the Chic Coat and Suit Company, Inc., for which he worked, should pay, his wages and the wages of his father were figured in the payroll and the premium was paid accordingly. The accident occurred January 15, 1919; and the force of *Matter of Bowne* v. *Bowne Co.* (221 N. Y. 28), the sole authority relied upon by appellant, was destroyed by the amendment to section 54 of the Workmen's Compensation Law (Laws of 1916, chap. 622), by adding subdivision 6, which reads as follows: "Any insurance carrier may issue policies, including with employees, employers who perform labor incidental to their occupations, such policies insuring to such employers the same compensations provided for their employees, and at the same rates; provided, however, that the estimation of their wage values, respectively, shall be reasonable and separately stated in and added to the valuation of their pay rolls upon which their premium is computed. The employer so insured shall have the same rights and remedies given an employee by this chapter." The claimant having testified that his wages were included in the payroll, which payroll at the beginning of the term of insurance is a process of estimation always, it will be presumed that the insurer employed such method of figuring as

complied with the subdivision and gave to this corporation an enforcible policy; that the appellant insurance carrier did not commit a fraud in accepting its money at the time knowing or believing it could escape liability in the event a claim was made under the policy it was then issuing. The burden of proof shifted with that evidence of the claimant; he presented his policy to the Commission; the carrier could have put it in evidence, and thus demonstrate that the claim was unfounded, or it could have produced its records and could have shown that a different basis than the one contended for by claimant was had; it was not done; the insurance carrier having the evidence in its possession, under its control, the failure to produce it should not raise a presumption against the claimant; the reverse should be presumed. *Hubbs* v. *Addison Electric Light & Power Co.* (191 App. Div. 765) purposed to show and did show that cases following the rule laid down in *Matter of Bowne* v. *Bowne Co.* (*supra*) after the addition to section 54 of subdivision 6, were not in accord with the statute as so amended. That this is a small corporation, and that its stockholders and officers go forth from the same paternal roof does not change its character as a legal entity entitled to the protection of insurance under the Workmen's Compensation Law, if it seeks to avail itself of that privilege and consequential benefits. The distinction between the rule held here and the *Hubbs Case* (*supra*) impresses me as extremely technical. Any benefit that might flow from the application of the rule suggested in the opinion for reversal, in favor of appellant, was lost when it failed to meet the burden of proof cast upon it by claimant's evidence.

I favor affirmance.

Award reversed and claim dismissed.