Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of S. W. BOWNE, Respondent, for Compensation under the Workmen's Compensation Law, *v.* S. W. BOWNE COMPANY, Employer, and the GLOBE INDEMNITY COMPANY, Insurance Carrier, Appellants.

Third Department, December 28, 1916.

**Workmen's Compensation Law — when president of corporation "employee" within meaning of statute.**

The president and principal executive officer and majority stockholder of a small corporation engaged in the business of jobber of hay, straw, grain and feed, employed by the directors at a salary of seventy dollars

per week, who at intervals assisted in the actual manual work of the concern, and who was injured while assisting other employees in unloading lumber, is an "employee" within the meaning of the Workmen's Compensation Law.

*It seems,* however, that the president of a large corporation, requiring the services of officers constantly in the office, is not an employee within the meaning of the statute.

APPEAL by the defendants, S. W. Bowne Company and another, from an award of the State Industrial Commission, entered in the New York city office of said Commission on the 15th day of August, 1916.

*Jeremiah F. Connor,* for the appellants.

*Henry B. Gayley,* for the claimant, respondent.

*Egburt E. Woodbury,* Attorney-General [*E. C. Aiken, Deputy Attorney-General,* and *Robert W. Bonynge* of counsel], for the respondent State Industrial Commission.

HOWARD, J.:

The Commission found as conclusions of fact that:

"1. On March 6, 1916, the day when S. W. Bowne received his injuries, he * * * was employed as the president of S. W. Bowne Company, a corporation engaged in the business of jobbers of hay, straw, grain and feed, and in the business of manufacturing corn and oat products into foods.

"2. On said date while S. W. Bowne was working for his employer at his employer's plant at 595–611 Smith street, borough of Brooklyn, city of New York, and while he was engaged in assisting some of the other employees in taking boards through a window, his left foot was caught in a screw conveyor by reason of slipping through a loose board in the floor. The conveyor ran under the floor. The leg was badly crushed and was later amputated above the knee. A new machine for mixing poultry grain had been installed in the plant and some lumber was being delivered to be used in making spouts, and it was while assisting to unload this lumber that the above-mentioned accident happened.

"3. S. W. Bowne Company was a domestic corporation

with 800 shares of stock of the par value of $100 each. Of these shares Bowne owned 560 shares; Warlow, the secretary of the company, owned 239 shares, and one H. B. Smith owned 1 share. Bowne was the principal executive officer and was employed by the directors at a salary of $70 per week. In the year previous to the accident the stock owned by Bowne in the company yielded him a dividend of $30,000."

In the employee's claim for compensation appear these questions and answers: "State occupation when injured: Unloading lumber. How long have you worked at this occupation? At intervals, thirteen years." It thus appears from the findings of the Commission and elsewhere in the record that the claimant, although president of this small corporation, was, by the nature of his duties, engaged in all the various activities of the plant, looking after and superintending the work of the concern, and, from time to time, "at intervals," as he expresses it, assisting in the actual, manual labor of the establishment.

Under these circumstances was he an employee? This court has already taken a position upon this question. (*Beckmann* v. *Oelerich & Son,* 174 App. Div. 353.) In that case Mr. Justice LYON, writing the unanimous opinion of the court, said: "As to the claim that the claimant was not an employee within the meaning of the act. The claimant spoke of his compensation for services as salary. He was the owner of 7 of the 100 shares of stock of the corporation. There is no claim that the payments received by him were dividends upon his stock. The Commission found that the weekly payment made him was his weekly wage. Its finding was fully justified by the evidence. While he was vice-president of the corporation his employment was doubtless through the board of directors, of whom he may or may not have been one. Although he was the general foreman, he worked in the various industries of the corporation the same as other workmen, and was doing the work of an ordinary employee at the time he was injured. His being vice-president and a stockholder in no way affected his status as an employee. (Connor Workmen's Compensation Law, 31, 96; *Aken* v. *Barnet & Aufsesser Knitting Co.,* 118 App. Div. 463; affd., 192 N. Y. 554.)"

The facts in the case before us are so similar to those in the

*Beckmann* case that we are not at liberty to recede from the position taken there; neither are we disposed to do so. We are not attempting to hold that the president of every corporation is an employee within the meaning of the act (Consol. Laws, chap. 67; Laws of 1914, chap. 41); but that a person, under given circumstances, may be both president and employee is very apparent to us. Indeed the learned counsel for the appellant so concedes in his brief. He says: "It may be conceded for the purposes of this argument that where a person is employed and is performing manual labor of the character described in the statute such person may be considered an employee, although nominally an officer of the corporation." It is perfectly obvious to the ordinary observer that the officers of small corporations are quite generally also employees. Concerns which are not of sufficient magnitude to require the services of the officers constantly in the office understand when they elect such officers and fix their salaries that they are to make themselves useful in other capacities about the establishment. The president of the New York Central railroad would not of course be expected to help unload lumber or help operate the trains, or even superintend such work; but the president of a corporation operating a general store in a country village would be expected very likely to act as clerk and make himself generally useful about the establishment. There are border line cases between these two extremes, but we do not consider the case in hand near the border line or at all doubtful.

We have examined the other questions raised by the appeal, but discover no error, and find nothing calling for further comment.

The award should be affirmed.

Award unanimously affirmed.