Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of JOSEPH E. KENNEDY, Respondent, for Compensation under the Workmen's Compensation Law, v. KENNEDY MANUFACTURING AND ENGINEERING COMPANY, Employer, and THE UNITED STATES FIDELITY AND GUARANTY COMPANY, Insurance Carrier, Appellants.

* Third Department, March 7, 1917.

Workmen's Compensation Law — when former officer and stockholder of corporation an "employee" within meaning of statute — when insurer estopped from denying that claimant was an "employee."

A claimant who, at the time of the issuance of a policy of insurance and at the time of the accident, owned ninety-five per cent of the stock of his employer, and who had previously been the president and whose salary had been included by the insurer in the payroll upon which the premium was made, was an "employee" within the meaning of the Workmen's Compensation Law.

The insurer by treating such a person as an employee and including his salary in the payroll as a basis for the premium is not in a position to deny that he was an employee.

APPEAL by the defendants, Kennedy Manufacturing and Engineering Company and another, from an award of the State Industrial Commission, made on the 25th day of May, 1916.

*Leonidas Dennis* [*Edward Schoeneck* of counsel, *William Dike Reed* with him on the brief], for the appellants.

*Egburt E. Woodbury, Attorney-General,* and *Robert W. Bonynge,* for the Commission.

*J. Bradley Tanner* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the claimant.

KELLOGG, P. J.:

When the policy was issued and at the time of the accident on March 24, 1915, the claimant owned ninety-five per cent of the stock of the employer company. Later the company was closing out its business; another was elected president in place

of the claimant, and at the time of the accident the claimant held no office in the company. When the policy was taken the insurer knew of his position in the company, and included his salary in the payroll upon which the premium was based. As stated by the attorney for the insurer: " As I understand it, the premium was paid on a salary of not more than $1,500. Of course, that protects them within the limits of the law, or $15 per week." Notwithstanding his stock ownership the plaintiff and the company were separate individuals. He was an employee of the company within the meaning of the Workmen's Compensation Law. (*Beckmann* v. *Oelerich & Son*, 174 App. Div. 353; 160 N. Y. Supp. 791; *Bowne* v. *Bowne Co.*, 176 App. Div. 131.)

A superintendent, the *alter ego* of the master, is entitled to the benefit of the Employers' Liability Act. (*Aken* v. *Barnet & Aufsesser Knitting Co.*, 118 App. Div. 463.)

The insurer, by treating the claimant as an employee and including his salary in the payroll as a basis for the premium, may not now be in a position to deny that he was an employee. The award should be affirmed.

Award unanimously affirmed.