16677. MARYLAND CASUALTY COMPANY *et al.* v. WELLS.

STEPHENS, J. 1. Although a city policeman may not be an "employee" within the meaning of that term as used in the Georgia workmen's compensation act (Ga. L. 1920, p. 167; *Marlow* v. *Savannah*, 28 *Ga. App.* 368, 110 S. E. 923), yet where an insurance company insures a city under the workmen's compensation act and the policy expressly covers policemen employed by the city and the salaries of the policemen are taken into consideration in fixing the premium, the policemen, in so far as the insurance company is concerned, are employees of the city and entitled to compensation under the policy. Frankfort General Ins. Co. *v.* Conduitt, 74 Ind. App. 584 (127 N. E. 212); Kennedy *v.* Kennedy Mfg. Co., 177 App. Div. 56 (163 N. Y. Supp. 944).

2. Without deciding, as against the insurance company, that a city policeman, who is covered by a compensation policy issued by the insurance company to the city, must elect to come under the workmen's compensation act in order to take under the policy, it is held that where such an election is once made, it holds good throughout the term of the officer's employment, and also holds good under a similar policy subsequently issued by the insurance company to the city, covering the policeman, until the election is withdrawn or revoked.

3. An exception in an appeal from an award by the industrial commission, "that there is not sufficient competent evidence in the record to warrant the commission making the order or decree complained of," is, in that it does not point out the particular evidence objected to or the ground of objection, insufficient to present for consideration an objection to the admission in evidence of parol testimony to prove the contents of a written election to come under the workmen's compensation act.

4. The evidence sustained the award of the industrial commission awarding compensation to the claimant against the insurance company, and no error of law appears.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 23, 1926.

Appeal; from Meriwether superior court—Judge Roop. June 13, 1925.

*W. J. Welsh, N. F. Culpepper,* for plaintiff in error.
*J. F. Hatchett,* contra.