17686. EMPLOYERS LIABILITY ASSURANCE CORPORATION LIMITED
*el al. v.* HENDERSON.

STEPHENS, J.   1. This being a suit by a policeman of a city against an insurance carrier, to recover compensation, and it appearing from parol evidence unobjected to as being secondary evidence that the defendant insurance company, in its policy insuring the city under the workmen's compensation act, expressly covered policemen employed by the city, and the salaries of the policemen were taken into consideration in fixing the premium on the policy, the policemen of the city, in so far as the insurance company is concerned, are to be regarded as employees of the city and entitled to compensation from the insurance company under the policy. *Maryland Casualty Co.* v. *Wells,* 35 *Ga. App.* 759 (134 S. E. 788), and cit.

2. Although the plaintiff policeman may not have elected to come under the workmen's compensation act, such election is immaterial to his right to recover compensation as against the insurance carrier, since the insurance carrier, in issuing the policy, regards him as an employee, and it is not necessary for employees of a municipality to elect to come under the act in order to be entitled to compensation. See section 2 of the workmen's compensation act (Ga. L. 1920, p. 167).

3. A city policeman, whose duty it is to patrol a beat and to perform police duties in the city, which duties he performs during a specified number of hours, may still be on duty and in the performance of his duties during that period of time while in his own home, where he has gone for the purpose of eating supper, intending to return afterwards to his beat; and since it may be his duty to carry a gun furnished to him by the city and to keep the gun in good condition, he may be in the discharge of his duty while wiping the gun when at home on the occasion of his going there for supper. If the policeman is injured

Workmen's Compensation Acts, C. J. p. 48, n. 50; p. 49, n. 52; p. 54, n. 97; p. 72, n. 69; p. 79, n. 11; p. 83, n. 50, 56; p. 86, n. 72.

by the discharge of the gun under the above circumstances, the industrial commission, in considering his application for compensation, is authorized to find that the injury received by him arose out of and in the course of his employment as a police officer of the city.

4. The superior court did not err in affirming the award of compensation.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 29, 1927. REHEARING DENIED SEPTEMBER 30, 1927.

Appeal; from Haralson superior court—Judge Irwin. August 28, 1926.

Application for certiorari was made to the Supreme Court.

*Bryan & Middlebrooks,* for plaintiff in error.

*J. M. McBride, M. J. Head,* contra.