622

19797, 19798. CITY OF MACON v. WHITTINGTON; *and vice versa.*

BELL, J. 1. The secretary of the industrial commission having certified that the several pledges attached to the city's appeal "contain a true and complete copy of the entire record consisting of all documents and papers and a transcript of all evidence in the case," and there being no traverse of this certificate, the claimant's motion to dismiss the appeal, upon the alleged ground that the original papers instead of certified copies had been sent up, was without foundation in fact, and for this reason was properly overruled. *Georgia Ry. & Power Co.* v. *Davis,* 14 *Ga. App.* 790 (3) (82 S. E. 387); *Albritton* v. *Tygart,* 134 *Ga.* 485 (1 *b*) (68 S. E. 79); *West* v. *Embree,* 146 *Ga.* 653 (92 S. E. 64).

2. Under the principles ruled by the Supreme Court in answer to a question certified in this case, the member of the fire department of the city of Macon for whose death compensation was awarded by the industrial commission was not an employee within the meaning of the workmen's compensation act, but was a public officer of the municipality. *City of Macon* v. *Whittington,* 171 *Ga.* 643 (156 S. E. 674).

3. It appearing that the city was a self-insurer, and had merely certified its pay-roll to the industrial commission, the record involves no element or principle of estoppel whereby the city should be prevented from denying that the decedent was an employee. The city had obtained no benefit such as the collection of premiums, nor had the decedent suffered any detriment by reason of the city's act in filing such pay-roll, and the case is distinguished from such cases as *Maryland Casualty Co.* v. *Wells,* 35 *Ga. App.* 759 (134 S. E. 788), and *Employers Liability Assurance Corp.* v. *Henderson,* 37 *Ga. App.* 238 (139 S. E. 688). See, in this connection, *Davis* v. *Collier,* 13 *Ga.* 485 (3), 492; *Tinsley* v. *Rice,* 105 *Ga.* 285, 290 (31 S. E. 174); *Union Brokerage Co.* v. *Beall,* 30 *Ga. App.* 748 (119 S. E. 533).

4. The decedent being a public officer and not an employee, the compensation act was not applicable, and the court erred in not sustaining the city's appeal. *Marlow* v. *Savannah,* 28 *Ga. App.* 368 (110 S. E. 923).

*Judgment on main bill of exceptions reversed; on cross-bill affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 13, 1931. REHEARING DENIED FEBRUARY 28, 1931.

*E. W. Maynard, Arthur Lewis, Ellsworth Hall, Jr.,* for City of Macon.

*John J. McCreary,* contra.