LEILA CORNET, PLAINTIFF IN ERROR, *v.* CITY OF CHAT-
TANOOGA, DEFENDANT IN ERROR.

(*Nashville,* December Term, 1932.)

Opinion filed February 11, 1933.

Estill & Morgan, for plaintiff in error.

J. W. Anderson, for defendant in error.

Mr. Justice Swiggart delivered the opinion of the Court.

Petitioner's claim for an award of compensation for the accidental death of her husband was dismissed by the circuit court, on the city's demurrer, and she has appealed in error.

The petition, averring that the city had accepted the provisions of the compensation law, as authorized by Code section 6856 (e), charges that the city employed petitioner's husband "as a police officer, under the direction and orders of the Commissioner of Fire and Police," and that he lost his life by accident arising out of and in the course of such employment, while undertaking to make an arrest.

One ground of the demurrer sustained by the circuit court is that petitioner's husband was an officer and not an employe of the city, and therefore was not subject to the provisions of the compensation law.

The compensation law, Acts 1923, chapter 123, section 2 (Code, section 6852), defines "employee," as used in the Act, as embracing "every person, including a minor, in the service of an employer, as 'employer' is defined in paragraph (a) above, under any contract of hire, apprenticeship, written or implied."

By the definition quoted, the benefits which accrue to employer and employe under the compensation

law, and the obligations arising therefrom, are incidents of a contract of employment. The terms of the compensation act, upon its acceptance by the city, were written by law into its contracts of employment, express or implied, with its several employes. An action for an award of compensation is, therefore, "a suit upon contract." *Tidwell* v. *Chattanooga Boiler & Tank Co.*, 163 Tenn., 420, 43 S. W. (2d), 221; *Vantrease* v. *Smith,* 143 Tenn., 254, 227 S. W., 1023.

This being the nature of the obligation created by the compensation law, and of the action for its enforcement, it is obvious that no obligation can arise, and no action will lie, unless the parties are bound by contract, express or implied.

A member of the police, or "police officer," of a municipal corporation, is by the general law of the state charged with the duties of a "conservator of the peace," and as such he is "required to aid in the prevention and suppression of public offenses," acting with all the power of the sheriff. Code, section 11419. By the charter of Chattanooga, its policemen are vested with the powers possessed by constables. Acts 1901, chapter 432, section 58.

Municipal policemen, charged with a duty to "preserve the public peace, prevent crime, detect and arrest offenders" are "civil officers in a very important sense. Though not primarily officers of the State, they are so secondarily, being officers of a municipality, which is itself an arm of the State government." *Porterfield* v. *State,* 92 Tenn., 289.

It is contended for petitioner that the status of a policeman in Chattanooga is fixed as an employe by a charter amendment, Private Acts 1927, chapter 692,

wherein it is provided that the city "shall have full power and authority to employ policemen and firemen and other agents and servants, and to provide compensation therefor," with a minimum salary stated for regular policemen and firemen.

The use of the word "employ" in this charter amendment cannot be given the effect of changing the status of a policeman from that of a governmental officer to that of a mere employe. That obviously was not the purpose of the amendment, the title of which indicated only that it would "provide salaries for policemen and firemen." It is not the method by which he becomes a member of the police force which fixes his status, but because of the nature and extent of the duties and responsibilities with which he is charged, the policeman is recognized by the authorities as a civil officer of the municipal government.

A civil officer in this State does not hold his office by contract with the governmental agency which he serves. The respective rights and obligations are not contractual but are created and imposed by law. This is a settled principle, and is not controverted by the petitioner. *Haynes* v. *State,* 22 Tenn. (3 Humph.), 480; *Hunter* v. *Conner,* 152 Tenn., 258, 277 S. W., 71; *Roberts* v. *Roane County,* 160 Tenn., 109, 23 S. W. (2d), 239.

We think it necessarily follows from the foregoing that policemen of Chattanooga are not in the service of the city "under any contract of hire," and therefore are not employes within the application of the compensation law.

In its notice accepting the provisions of the compensation law, and asserting its right to operate thereunder as a self-insurer, the city referred to its police

force as within the application of the compensation law. No principle of estoppel is invoked on that account, for it is not shown that petitioner or her husband had any knowledge of the fact prior to the accident, and we do not think such an error or mistake on the part of the employer can be given the effect of bringing within the application of the Act persons not included by its terms.

Petitioner also invokes that provision of the Act which requires that it be given an equitable construction, and that it be considered as a remedial statute. Code, section 6901. This rule of construction has been uniformly followed "so as to secure for the beneficiaries of the Act every protection a liberal construction authorized." *Baxter* v. *Jordan*, 158 Tenn., 471, 14 S. W. (2d), 717. But, as in the case of the construction given to the mechanics' lien statutes, a liberal construction cannot be resorted to for the purpose of extending the statute to persons not included or embraced by its terms. *Pillow* v. *Kelly*, 155 Tenn., 597, 296 S. W., 11, and cases there cited. The compensation law is not of unalloyed benefit to either employer or employe. It involves a concession of common-law rights by both, so that the legislature, and not the courts, must determine the classes of persons within its application.

The conclusion herein reached rests upon Tennessee authorities. The weight of authority elsewhere, under similar statutes, is in accord. *McDonald* v. *New Haven*, — Conn., —, 109 Atl., 176, 10 A. L. R., 193, and note.

The judgment of the circuit court is affirmed.