[No. 26241. Department Two. August 8, 1936.]

THE STATE OF WASHINGTON, *Appellant*, v. BANK OF CALIFORNIA, N. A., *as Executor, Respondent.*[1]

*The Attorney General* and *Browder Brown, Assistant* (*Edw. S. Franklin,* of counsel), for appellant.

*Wright & Wright* (*Felix Rea,* of counsel), for respondent.

MAIN, J.—In the complaint in this case there are three causes of action, separately stated. In the first, the plaintiff seeks to recover industrial insurance premiums which it claims to be due and unpaid. In the second, recovery is sought for a penalty claimed due to the failure to pay the premiums as they became due; and in the third, a lien is sought to be established as securing the demands in the first and second causes of action. The trial was to the court without a jury, and resulted in findings of fact from which it was concluded that the plaintiff was not entitled to recover, except a small item which had been tendered and paid

[1]Reported in 59 P. (2d) 1128.

into court. From the judgment entered dismissing the action and providing that the plaintiff was entitled to withdraw the amount tendered into the registry of the court, the plaintiff appeals.

But one question is presented upon the appeal, and the facts will only be stated to the extent that it is necessary to present that question.

LeRoy Pease died April 22, 1933, leaving a will in which the Bank of California, the respondent, was named as executor. In the process of the administration, there came into the estate approximately forty acres of orchard land in Yakima county. The executor operated this orchard during the years 1934 and 1935.

In May, 1934, the executor applied to the department of labor and industries for coverage of its agricultural employees in the apple orchard, under Rem. Rev. Stat., § 7696 [P. C. § 3487], which permits an employer, not engaged in an extrahazardous enterprise, to give notice of an election to come under the act. The work of agricultural employees was not classified as extrahazardous under any provision of the statute.

During the year 1934, and until May, 1935, the executor regularly paid its premiums to the accident and medical aid fund. In May of the latter year, it gave notice that it desired to withdraw as a contributor to the workmen's compensation fund and notified the department of labor and industries in writing to that effect. There was in the statute no express provision authorizing the withdrawal of one that had elected to come under the act.

The question here is whether the executor, after having once come under the act, had a right to withdraw. Section 19 of chapter 74, Laws of 1911,

p. 367, which was the original workmen's compensation law, provided that any employer and his employees, engaged in works not extrahazardous, might, by their joint election, filed with the department, accept the provisions of the act, and

" . . . such acceptances, when approved by the department, shall subject them irrevocably to the provisions of this act to all intents and purposes as if they had been originally included in its terms. . . ."

By § 6 of chapter 136, Laws of 1923, p. 402, that section was amended in certain respects, and the provision quoted from the Laws of 1911, which made the election, when approved by the department, irrevocable, was not carried into the amended section.

Again, in § 5 of chapter 132, Laws of 1929, p. 343, Rem. Rev. Stat., § 7696 [P. C. § 3487], the section was amended, and there is no provision in this amended section making the election under the act irrevocable. In the latter section, it is provided that, after the employer makes the election, any workman in his employ shall be entitled within five days after the posting of notice by his employer, or within five days after he has been employed by an employer who has elected to become subject to the act, to give written notice to such employer and to the department of labor and industries of his election not to become subject to the act. As above indicated, there is no provision in the statute covering the matter of withdrawal after an election to come under the act has once been made.

In *Bateman v. Carterville & Big Muddy Coal Co.*, 188 Ill. App. 357, it was held that, where an employer exercises his election not to come under the provisions of the workmen's compensation act of the state of Illinois, by filing notice as provided by the act, his election remained in force until the notice was withdrawn. There, as here, the act contained no provision relative

to the revocation of the election, once made. While in that case the election in the first instance was not to come under the act, which was optional, and here it is an election to come under the act, the principle, so far as applied to the right of withdrawal, is the same.

The case of *Maryland Casualty Co. v. Wells*, 35 Ga. App. 759, 134 S. E. 788, is of like import.

If the legislature of this state had intended that an election once made should be irrevocable, that provision would certainly have been carried into the subsequent amended sections. Not having been so carried, it would indicate a legislative intent that the election was not irrevocable. This conclusion, as it appears to us, is supported by reason and the authorities referred to.

The judgment will be affirmed.

MILLARD, C. J., BEALS, BLAKE, and TOLMAN, JJ., concur.