Woods *et al. v.* City of La Follette *et al.*

(*Knoxville,* September Term, 1947.)

Opinion filed December 8, 1947,

Rehearing denied January 16, 1948.

656

Harry B. Brown, of Jellico, for plaintiff in error.

Hodges & Doughty, of Knoxville, for defendants in error.

Mr. Justice Burnett delivered the opinion of the Court.

This suit was brought by the widow of George Woods, deceased, for herself and on behalf of certain named minor children of the deceased against the City of La Follette and its insurer to recover compensation for George Woods' death occasioned by an accident arising out of and in the course of his employment. An award was denied by the trial court because:

"It is believed that the deceased, George Woods, was not an employee, as defined in the Workmen's Compen-

sation Act; that a proper construction of the policy of insurance precludes petitioner's recovery under the Workmen's Compensation Act, or the related clauses, terms, and provisions of said policy. That the defendants are not estopped to set up the defenses they have advanced; that these defendants are not liable to the petitioners in this case.''

The deceased Woods was employed by the City ''as a policeman.'' The city had accepted the provisions of the Workmen's Compensation Act according to Code, sec. 6856(e), and the amendments thereto. On June 12, 1946, the deceased while on duty as a policeman, in investigating a disturbance in the city, was shot and died as a result thereof. The trial judge found as follows:

''Assuming that George Woods was an employee of the City of La Follette, it is believed that his death arose out of and in the course of his employment. He earned $150.00 per month and if the Workmen's Compensation Act be applicable, then petitioner would be entitled to $18.00 per week for the statutory period.''

On January 29, 1946, the city entered into a contract of insurance with the defendant insurance company for one year. This insurance contract was designated as ''Standard Workmen's Compensation and Employer's Liability Policy.'' The applicable provisions of said policy are:

''All business operations, including the operative management and superintendence thereof, conducted at or from the locations and premises defined above as declared in each instance by a disclosure of estimated remuneration of employees under such of the following Divisions as are undertaken by this Employer.

**658**

Schedule

| Classification of Operations | Estimated Total Annual Re- muneration | Per Rate $100 of Remunera- tion | Estimated Premium |
|---|---|---|---|
| Policemen - including Driv- ers, Chauffeurs and their Helpers ..........#7720 | $11,700.00 | $1.31 | $153.27 |

"Tennessee Odin Insurance Company does hereby agree with this Employer named and described as such in the Declarations forming a part hereof, as respects personal injuries sustained by employees, including death at any time resulting therefrom as follows:

"Compensation (a) To pay Promptly to any person entitled thereto under the Workmen's Compensation Law and in the manner therein provided, the entire amount of any sum due, and all instalments thereof as they become due.

"Liability (b) To Indemnify this Employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed wherever such injuries may be sustained within the territorial limits of the United States of America or the Dominion of Canada. In the event of the bankruptcy or insolvency of this Employer the Company shall not be relieved from the payment of such indemnity hereunder as would have been payable but for such bankruptcy or insolvency. If, because of such bankruptcy or insolvency, an execution against this Employer is returned unsatisfied in an action brought by the injured, or by another person claiming by, through or under the injured, then an action may be maintained by the injured, or by such other per-

son claiming by, through or under the injured, against the Company under the terms of this Policy for the amount of the judgment in said action not exceeding the amount of this Policy.''

''The obligations of Paragraph one (a) foregoing are hereby declared to be the direct obligations and promises of the Company to any injured employee covered hereby, or, in the event of his death, to his dependents; and to each such employee or such dependent the Company is hereby made directly and primarily liable under said obligations and promises. This contract is made for the benefit of such employees or such dependents and is enforceable against the Company, by any such employee or such dependent in his name or on his behalf, at any time and in any manner permitted by law, whether claims or proceedings are brought against the Company alone or jointly with this Employer. If the law of any state in which the Policy is applicable provides for the enforcement of the rights of such employees or such dependents by any Commission, Board or other state agency for the benefit of such employees or such dependents, then the provisions of such law are made a part hereof as respects any matter subject thereto, as fully as if written herein. The obligations and promises of the Company as set forth in this paragraph shall not be affected by the failure of this Employer to do or refrain from doing any act required by the Policy; nor by any default of this Employer after the accident in the payment of premiums or in the giving of any notice required by the Policy or otherwise; nor by the death, insolvency, bankruptcy, legal incapacity or inability of this Employer, nor by any proceeding against him as a result of which the conduct of this Employer's business may be and continues to be in charge of

an executor, administrator, receiver, trustee, assignee, or other person."

The only evidence offered herein is on behalf of the petitioner. She proves the employment of her deceased husband; his death arising out of and in the course of his employment; the insurance contract of the city here sued on; her dependency and that of the minor children. On cross examination it is shown the deceased was such an officer as to bring him in and under the terms of such as defined in *Cornet* v. *Chattanooga*, 165 Tenn. 563, 56 S. W. (2d) 742.

It is shown, due to injuries, etc., of certain city employees, the city fathers desired to take out workmen's compensation on all city employees including policemen, firemen, etc. As a result the insurance contract here in question was entered into. All policemen, including the deceased Woods, were informed the city had workmen's compensation covering them. The City formerly carried a "Group Policy" which covered part of their employees. This was dropped when they acquired the policy now before the court. The deceased, Woods, was not a participant in the "Group Policy."

The defense of the insurance company is that (1) the deceased, George Woods, was not an employee of the city within the purview and meaning of the "Workmen's Compensation Law of Tennessee," and (2) it has done nothing in which it could be estopped to deny liability under the "Workmen's Compensation Law of Tennessee," and that the inclusion of "policemen" in the schedule heretofore referred to was for the purpose of covering them under the "Employer's Liability" section (1. "b") of the policy and not under the workmen's compensation provisions.

The case of *Cornet* v. *Chattanooga, supra,* and like holdings from many other jurisdictions are relied on as conclusive on their first and major defense. These holdings are based on the proposition that a policeman is an officer and not an employee within the purview of the act. We find no fault with the holding in these cases—they are sound. There is nothing in these cases though, and we know of no holding, wherein it is unlawful, illegal or against public policy for a city to contract with an insurance company to carry workmen's compensation on policemen.

An action for an award of workmen's compensation is a suit on a contract. *Cornet* v. *Chattanooga, supra.* The contract sued on in *Cornet* v. *Chattanooga, supra,* by its terms was not broad enough to cover policemen. The terms of the contract therein were in part made up of the Workmen's Compensation Law of this state. If parties choose to enlarge the terms of the contract so as to include policemen they have a legal right to do so.

In the instant case it was clearly the intention of the city and the insurance company to include policemen in the contract wherein the provisions of our Workmen's Compensation Law became applicable to a policeman as an employee. By specifically naming "policemen" in the classification of those covered and then figuring the premium of the insurance company for this coverage on the remuneration of these policemen they are clearly meant to be included. As heretofore said this was the clear uncontradicted understanding of the city fathers. The insurance company accepted and retained the premium thus paid, treating policemen as employees.

The Supreme Court of Georgia in *Parker* v. *Travelers' Ins. Co.,* 174 Ga. 525, 163 S. E. 159, 161, 81 A. L. R. 472, held that the Industrial Commission of that state "has

not jurisdiction to make'' an award for compensation under a state of facts detailed in the preceding paragraph. They said also that under a like state of facts the doctrine proposed by us herein would be sound in a case wherein ''the commission has jurisdiction.'' Two of the Justices dissented. Mr. Justice HINES in an able dissent, after recognizing that the rule applicable in Georgia is as is in *Cornet* v. *Chattanooga, supra,* sa'd:

''But there is an exception to this general principle. Where an insurance company insures a city under the Workmen's Compensation Act, and the policy expressly covers policemen employed by the city, and the salaries of the policemen are taken into consideration in fixing the premiums, a policeman, in so far as the insurance company is concerned, is an employee of the city and is entitled to compensation under the policy. *Maryland Casualty Co.* v. *Wells,* 35 Ga. App. 759, 134 S. E. 788. That decision was followed by the Court of Appeals in *Employers' Liability Assur. Corporation* v. *Henderson,* 37 Ga. App. 238, 139 S. E. 688. The insurer, by treating the claimant as an employee and including his salary in the pay roll as a basis for the premium, is not in a position to deny that he was an employee. *Kennedy* v. *Kennedy Mfg., etc., Co.,* 177 App. Div. 56, 163 N. Y. S. 944. This court has held that a city fireman is not an employee within the meaning of the Workmen's Compensation Act. *City of Macon* v. *Whittington, supra.* Where the insurance carrier intended that the policy should cover city firemen, their salaries being considered in fixing the premiums received, and the insurer prepared the report of the fireman's death to be filed with the Industrial Board, and also a compensation agreement between the city and the fireman's dependents, which was approved by the board and paid, the fireman was an employee of

the city in so far as the insurer was concerned. *Frankfort General Ins. Co.* v. *Conduitt*, 74 Ind. App. 584, 127 N. E. 212.''

''I can see no valid reason why, where an insurance carrier insures a city under the Workmen's Compensation Act, and the policy expressly covers policemen employed by the city, and the salaries of the policemen are taken into consideration in fixing the amount of the premium, the policemen, in so far as the insurance company is concerned, should be held not to be employees of the city and entitled to compensation under the policy.''

In our judgment the language last above quoted is the only sound, fair and equitable conclusion one can reach under a state of facts as we have in the record before us. From what we have said above it is perfectly obvious that this would have been the judgment of that court had the majority thought the commission had jurisdiction. In the case before us the Circuit Court had the required jurisdiction—this cannot be questioned.

■ It is argued that the inclusion of ''policemen'' in the policy contract was meant to include them only under the ''Employer's Liability'' provisions herein above quoted. The reason assigned for this argument is that the rate on which the premium is based is smaller than that for other employees. It is observed that a different rate is fixed under different classes of employees. Why this is done is not shown by the policy contract or elsewhere herein. Our surmise on the question is that under the various classifications the hazards vary. The largest rate is fixed in the case of ''Street or Road Construction etc.'' The lowest rate is fixed for ''Clerical Office Employees''—this rate is $0.05. The rate on policemen is $1.31. There certainly is nothing herein to indicate that by reason of this rate the policemen were excluded from

the workmen's compensation provisions of the policy. Our thought is that the "Street or Road" crews are more apt to have injuries and therefore the higher rate. The "Clerical" force were less likely to have accidents, therefore, the smaller rate.

As we have heretofore pointed out the policy contract clearly points out policemen as covered under the workmen's compensation provisions and there is nothing pointing to the employer's liability provision.

■ It therefore appears to us that the maxim *"Expressum Facit Cessare Tacitum"* (a thing expressed puts an end to tacit implication) is applicable. We also think the maxim *"Expressio Unius Est Exclusio Alterius"* (the expression of one thing is the exclusion of another) is equally applicable. It is likewise a well known rule that insurance contracts should be construed strictly against the insurer and in favor of the insured. 32 C. J., Insurance, sec. 265; 44 C. J. S., Insurance, sec. 297; see numerous cases cited in Michie's Digest, Vol. 9, Insurance, sec. 44.

■ We conclude from the foregoing that here the claim of the widow and minor children of the deceased employee are to be paid under the policy of insurance herein sued on. The judgment below is therefore reversed and the cause remanded to the circuit court for the purpose of fixing and ascertaining the amount to which the claimants are entitled under the Workmen's Compensation Act, and the entry of the necessary decree thereon.

The defendants below, appellees here, will pay the costs.

All concur.

## On Petition to Rehear.

■ The appellees have filed herein a petition to rehear. To all intents and purposes this is merely a reargument of that as originally made. Nothing is here pointed out that we overlooked. No new authority is here cited. This being true we must deny the petition under Rule 32 of this Court as found in 173 Tenn. 886, 887.

It is said in this petition "that there is no suit on the policy." We do not nor did we so construe the suit. The original petition makes the insurance company a party defendant and prays for a recovery against the city, "and also from the defendant, Tennessee Odin Insurance Company, under said insurance policy . . . " The trial judge so treated the action as will be noted by referring to a portion of his finding quoted in our original opinion.

Apparently these petitioners are unable to distinguish the instant case from that of *Cornett* v. *Chattanooga,* 165 Tenn. 563, 56 S. W. (2d) 742, 743. There is a marked difference. The *Cornett Case* was heard on demurrer. The instant case was heard on the facts. In the *Cornett Case* it was said:

"No principle of estoppel is invoked on that account, for it is not shown that petitioner or her husband had any knowledge of the fact prior to the accident, . . . "

In the instant case the tenor of the entire record is to the effect, and we find to be a fact, that the policemen of Lafollette including the deceased Woods were notified that they were covered by "Workmen's Compensation." The insurance company so carried policemen including them in its policy of coverage.

There was nor is no intention of this Court to invoke herein any kind of philosophy. We are basing our judgment herein on the clear contract intendments between the parties as shown by this record.

For the reasons assigned the petition must be denied.