P. E. BROYLES

*v.*

STATE OF TENNESSEE.

(*Knoxville,* September Term, 1960.)

Opinion filed December 9, 1960.

THOS. E. MITCHELL, Johnson City, for plaintiff in error.

THOMAS E. FOX, Assistant Attorney General, for defendant in error.

See also 207 Tenn. 571.

Mr. Chief Justice Prewitt delivered the opinion of the Court.

The defendant below, P. E. Broyles, was convicted for failing to account for confiscated whiskey in his possession as required by law, and was fined $250 and disqualified from holding office in the State of Tennessee for a period of five (5) years.

Assignments of error were (1) whether or not the evidence preponderates against the verdict and in favor of the innocence of the accused, and (2) whether or not Section 57-621, T.C.A. applies to the position of Chief of Police in Johnson City.

The defendant was Chief of Police of Johnson City. On September 19, 1959, he received from Lt. Watts, eight fifths of wine, six pints of bonded whiskey, and four and one-half jars of white whiskey. The defendant admitted that he did not turn the wine over to the State Department of Revenue until May 2, 1960. The District Attorney General's Office began investigating the matter between April 10 and April 15, 1960.

The State Department of Revenue had no record of eight fifths of wine being delivered to it by the defendant, but the records from that office did show that a quantity

of intoxicating beverages were delivered to it by the defendant, including nine bottles of wine. This record was dated May 2, 1960.

There was also evidence in the record to show that the defendant had a quantity of Country Club whiskey in his home which was turned over to the State Department of Revenue during January or February while the defendant was in the hospital.

Section 57-621, T.C.A. provides that any person violating the provisions of Sections 57-601 to 57-621, T.C.A. shall be fined not less than $50 nor more than $500, and may be imprisoned in the County Jail or Workhouse for a period of six months, and any officer violating the same shall forfeit his office and be ineligible to reappointment or reelection thereto for a period of five years.

Section 57-616, T.C.A. sets out the procedure for delivering to the State Department of Revenue intoxicating liquors seized in accordance with Sections 57-601 to 57-621, T.C.A.

Section 57-607, T.C.A. provides that when officers other than the Sheriff confiscates intoxicating liquors, he must turn said liquors over to the Sheriff within five days.

The third paragraph of Section 57-616, T.C.A. provides that the Sheriff must notify the Department of Revenue in writing within ten days of the quantity and brands of the liquors seized. The last two paragraphs of Section 57-616 were added by the 1959 General Assembly, which provides that any officer confiscating intoxicating liquors, including municipal officers, must deliver the same, accompanied by an itemized list of the quantity, brand, etc., to the State Department of Revenue, and if

the officer making the seizure is a municipal officer, a copy of said list must also be delivered to the mayor of the municipality.

The State insists that since the 1959 amendment it is now the duty of all officers confiscating intoxicating liquors to report and deliver the same to the Department of Revenue and that it must be done within ten days after the seizure as was formerly provided in the third paragraph for the Sheriff to report the same.

■ The defendant did not report the intoxicating liquors delivered to him by Lt. Watts until some nine months after it was delivered to him.

The jury would have been justified in finding that it was never delivered at all and that the nine fifths of wine delivered on May 2, 1960, was obtained by him and delivered to the Department of Revenue because of an investigation going on in Washington County.

We are of the opinion therefore that the evidence does not preponderate against the verdict of the jury and in favor of the innocence of the accused.

■ The State contends that portion of the statute Section 57-621, T.C.A. which provides that any officer violating the provisions of Sections 57-601 to 57-621, T.C.A. shall forfeit his office and shall be ineligible to reappointment or reelection for a period of five years applies to police officers, and that a police officer, the chief of police in particular, is more than a mere employee.

This Court held in *Cornet v. City of Chattanooga,* 165 Tenn. 563, at page 566, 56 S.W.2d 742, at page 743:

"Municipal policemen, charged with a duty to 'preserve the public peace, prevent crime, detect and arrest offenders' are 'civil officers in a very important sense. Though not primarily officers of the state, [they are] so secondarily, being officers of a municipality, which [is] itself an arm of the state government.' "

Article 5, Section 16, Chapter 189, Private Acts of 1939 provides that certain city officials in Johnson City shall be subject to the provisions of Chapter 27, Title 8, T.C.A. entitled, "Removal of Officers."

We are of the opinion that the defendant was more than an employee but was an officer within the meaning of the law.

It results that the assignments of error must be overruled and the judgment of the lower court affirmed.