608

COMMERCIAL INSURANCE COMPANY

*v.*

FRANKIE JEAN YOUNG et al.

ROBERT COFFEY AND RAY BLAKLEY, D/B/A
BLOOMINGDALE FLORAL SHOP

*v.*

FRANKIE JEAN YOUNG.

354 S.W. 2d 779.

(*Knoxville,* Septmeber Term, 1961.)

Opinion filed December 8, 1961.
Opinion on Petition to Rehear filed March 7, 1962.

610

‎Ben C. Davis, Edwin L. Treadway and Penn, Hunter, Smith & Davis, Kingsport, for appellants.

Preston H. Taylor, Kingsport, for appellees.

On Petition to Rehear

Mr. Justice White delivered the opinion of the Court.

A petition to rehear has been filed by the defendants complaining of error by the Court in regard to its having failed to rule expressly upon several assignments of error, thereby leaving the impression that such assignments had been abandoned. We affirmed the ruling of the Chancellor in our original opinion and upon a re-

examination of the main issue in the case we are fully confident that our original decision is correct. The petition is accordingly denied. However, out of deference to the loyal zeal and sincerity of able counsel that our opinion be clarified upon certain issues of fact, as well as law, we are pleased to withdraw our original opinion and file this opinion in which we respond to all of the assignments of error in such detail as we believe it proper or necessary to respond.

A re-examination and re-consideration of the entire record in this case reveals that Frankie Jean Young on December 9, 1960 brought an action against her employer, Robert Coffey and Ray Blakley, individually and as partners doing business under the firm name of The Bloomingdale Floral Shop, seeking to recover certain benefits alleged to be due her under the Workmen's Compensation Law. On February 2, 1961, the petitioner instituted another suit seeking to recover the same benefits from the Commercial Insurance Company of Newark, New Jersey, the Workmen's Compensation insurance carrier for said employer.

The Chancellor by proper decree consolidated the two cases and heard them together. He made an award to the petitioner against both defendants and they have appealed and assigned errors, twelve (12) in number.

Upon the hearing the Chancellor found that the petitioner was an employee and the partnership was an employer on and prior to November 16, 1960 within the meaning of those terms as defined in said Act. That on November 16, 1960 she sustained an accidental injury arising out of and in the course of her employment while on the premises of her employer. He found that she

was entitled to receive weekly compensation benefits of $26.00 per week for temporary total disability from the date of the accident to the date of the trial on May 2, 1961; that she was also entitled to be paid for her hospital and doctors bills in the amount of $980.23.

The Chancellor also found from the proof that the petitioner sustained a 50% permanent partial disability to the body as a whole as the result of said accident. He allowed her a recovery for a period of 200 weeks at the rate of $26.00 per week. Although the attending physician stated that she had sustained a permanent partial disability of 80% of the body as a whole, the Chancellor found and decreed that she was entitled to receive only 50% permanent partial disability taking into consideration the entire evidence in the cause.

The Chancellor found that Commercial Insurance Company issued the usual and customary workmen's compensation insurance policy to said employer, the policy period being effective from October 10, 1960 until October 10, 1963. The policy has been filed in the record as an exhibit to the testimony of the petitioner and also as an exhibit to the testimony of one of the partners. Under Coverage A of the policy it is stated that the same applies to the Workmen's Compensation Law and any occupational disease law of the State of Tennessee and the classification of operations of the insured, that is the partnership, is that of "florist—cultivating or gardening—including drivers". The basis for calculating the premium to be paid said Insurance Company was that the employees of said partnerships would be paid an estimated total annual remuneration of $8,000.00. The petitioner received as wages $40.00 per week. Under

the "insuring agreements" the Company agreed "to pay promptly when due all compensation and other benefits required of the insured by the Workmen's Compensation Law".

In accordance with the requirements of Sections 50-1208, 50-1209 T.C.A. the following provisions are contained in said policy:

"The company shall be directly and primarily liable to any person entitled to the benfits of the workmen's compensation law under this policy. * *.

"All of the provisions of the workmen's compensation law shall be and remain a part of this policy as fully and completely as if written herein, so far as they apply to compensation and other benefits provided by this policy * *."

The original petition sets out that Frankie Jean Young was an employee of the defendants, Robert Coffey and Ray Blakley, doing business as Bloomingdale Floral Shop on the day of the accident and that the defendants were employers on said date within the meaning of the Workmen's Compensation Law of the State of Tennessee, and that on said date both the petitioner and the defendants and each of them were operating under the Workmen's Compensation Law of the State of Tennessee and the amendatory acts thereto. She alleged that she was injured as a result of an accident growing out of and in the course of her employment while she was working for said employers at about 11:00 o'clock P.M. in their floral shop on November 16, 1960. She says that as a result of said accident she sustained injuries compensable under the Compensation Laws of Tennessee.

The defendants by way of answer admit that the petitioner was in their employ on November 16, 1960, but deny that they were operating under and subject to said Law. They also deny that petitioner sustained the accidental injuries as alleged.

In her petition against the Commercial Insurance Company of Newark, New Jersey, she alleged the same facts as appear in the petition against her employers and further alleged that said Insurance Company was the Workmen's Compensation insurance carrier for her employers and, therefore, liable to her as such.

The defendant, Insurance Company, in its answer denied "that Commercial Insurance Company was the workmen's compensation insurance carrier for Robert Coffey and Ray Blakley individually and/or partners doing business as Bloomingdale Floral Shop on or about November 16, 1960, so as to be liable in any way to petitioner. It is also denied that petitioner and Robert Coffey and Ray Blakley were on or about November 16, 1960 operating under and subject to the workmen's compensation law of Tennessee.

These answers cast the burden upon petitioner to make out her case as alleged and since the proof shows that the employer had less than five (5) employees, there was no presumption that said employers were subject to the terms of the Workmen's Compensation Law. Therefore, the petitioner had to carry the burden of showing this to be a fact. The Chancellor was in error in holding that the burden was upon the defendants to show they were not under the Act, however, this is not determinative in view of the proof in the case.

■ The petitioner testified that she was an employee of the defendants and that at about 11:00 o'clock on the night of November 16, 1960 while in the regular course of her employment and while working at the premises of the defendants she sustained an accidental injury which she reported to her employers. After being under the care of a doctor for treatment for several days she was then placed in a hospital on the 21st day of November, 1960, where she remained until December 9, 1960, or approximately eighteen (18) days. She spent six (6) days in the hospital beginning on March 20, 1961. We are satisfied with the finding of the Chancellor to the effect that the petitioner has a disability of 50% permanent partial to the body as a whole. We are satisfied further that she incurred the doctor and hospital bills which she exhibited upon the trial of the case in the proper treatment of such injuries as sustained in said accident.

Mrs. Young testified that immediately after she was injured she had a talk with one of her employers and he told her that they, the employers, were operating under the Workmen's Compensation Law of the State of Tennessee. She stated further that the employer, Ray Blakley, told her that he had a workmen's compensation insurance policy and told her to get the policy out of a little cedar chest in the floral shop. Her employer directed that she notify the local insurance agent for the defendant, Insurance Company, of her accident, which she said she did, and that said agent told her to go to a doctor and have the bill sent to him. The insurance policy was filed as an exhibit to the testimony of the

petitioner over the objection of the defendant. The petitioner was asked whether or not she had talked with the defendants or either of them about paying her hospital bills and doctor bills and she replied that Mr. Blakley said that the insurance would cover it and would take care of it, meaning the hospital bills and doctor bills. Mr. Coffey told her that he had turned in a report to the insurance people, meaning Commercial Insurance Company of Newark, New Jersey, about the accident.

Mrs. Young testified that on December 20, 1960 she received a call from a Mr. Price who said he was with Gay and Taylor insurance adjusters and represented the Commercial Insurance Company and that he had some compensation checks for her, and that he would, in effect, deliver them to her provided she did not have an attorney but that if she did have one he would have to contact her attorney. She gave him the name of Preston Taylor as her attorney.

Mr. Taylor testified that he received a telephone call from William C. Price, manager of Gay and Taylor Insurance Adjusters, saying that he, Price, had called the petitioner, Frankie Young, that he was adjusting the case for the Commercial Insurance Company of Newark, New Jersey and for Mr. Blakley and Mr. Coffey. Mr. Price stated to Mr. Taylor that he had told Mrs. Young that he had three or four workmen's compensation insurance checks which were due her and that she advised him that Mr. Taylor was her counsel and then Mr. Price stated that he would mail these checks to Mr. Taylor's office. Upon their failure to arrive, he called Mr. Price and received the report that the matter had

been referred to local counsel. Under date of December 22, 1960, Mr. Price wrote the following letter:

"Re: Frankie Young

D/Injury 11-14-60
Our File 11463.

"Dear Mr. Taylor:

"This is a follow up of our phone conversation regarding the captioned matter. Since suit has been filed, we have turned our file over to the Law Firm of Penn, Hunter, Smith & Davis, in order that they might pursue same; therefore, any further contact or negotiations you may feel at liberty to contact Attorney Davis.

Yours very truly,

"Gay & Taylor, Inc
"William C. Price,
Manager."

On cross-examination Mr. Coffey was asked:

"Q. Now, on October 10, 1960, Mr. Coffey you procured from J. T. Parker Insurance Company in Kingsport, Tennessee, a Workmen's Compensation Insurance policy, which was No. C-210717, a Workmen's Compensation and Employer's liability policy for Robert Coffey and Ray Blakley, doing business as the Bloomingdale Floral Shop, 2905 Bloomingdale Pike, Kingsport, Tennessee?

"A. Yes sir.

Q. And you procured this policy to take care of injured employees, that were injured while they were working at your place of business?

A. *Yes sir."* (Emphases supplied).

Mr. Coffey testified further that the policy was still in effect on the date of the trial of this case and that he had paid the premiums on the policy. He denied that he had told the petitioner that he had Workmen's Compensation insurance but did admit that he told her to go to a doctor. He also stated that he made a report of the accident to J. T. Parker Insurance Agency, the agent of Commercial Insurance Company.

There is no direct testimony by witnesses that the Insurance Company ever notified the division of Workmen's Compensation Department of Labor, State of Tennessee that it had issued the policy in question. However, the following questions were asked and answers given by Robert Coffey on cross-examination:

"Q. When this policy was issued on October 10, 1960, you do not deny that the Commercial Insurance Company of Newark, New Jersey or the J. T. Parker Insurance Company of Kingsport, Tennessee, notified the Department of Labor, Workmen's Compensation Division, that they were carrying this insurance policy on your employees, do you, Sir?

"A. No.

"OBJECTION BY MR. DAVIS:

"MR. DAVIS: We object unless he knows of his own knowledge. Just a minute. We object unless he knows of his own knowledge.

"A. I don't know."

Section 50-1205 T.C.A. provides in part:

"Any employer accepting the provisions of the Workmen's Compensation Law shall file with the commissioner of labor, division of workmen's compensation, and annually thereafter, or as often as it may be necessary under the ruling of said commissioner; evidence of his compliance with the provisions of this chapter relating to insurance or indemnity to employees."

On cross-examination Mr. Blakley was asked:

"Q. You gentlemen, in the operation of your business wanted to see your employees covered for any injury that they sustained while working for you? That is correct, isn't it?

"OBJECTION BY MR. DAVIS:

"MR. DAVIS: We object to legal conclusions. The contract speaks for itself. The law speaks for itself.

"THE COURT: He may answer that.

"Q. That's the reason you bought the policy, wasn't it?

"A. Yes sir.

"Q. Well, you have not gone to the Commissioner of Labor, to the Department of Workmen's Compensation at Nashville, Tennessee and withdrawn this policy, have you?

"A. No sir.

"Q. Or given them notice that you and your partner in this operation of business are no longer bound under the Workmen's Compensation Laws of our State, have you?

"A. No sir."

■ There could be only one conclusion reached from a recitation of the foregoing facts and that is that these employers, including the Insurance Company, and the insurance company is an employer within the meaning of sub-section (a) of Section 50-902 T.C.A. agreed to accept and to be bound by the terms and provisions of said Law from and after October 10, 1960. If the employers placed themselves under this Act, which we hold the facts show that they did, then it became their duty to comply with the pertinent portion of Section 50-1205 T.C.A. quoted above, and since the law presumes that every person does that which is required of him we would be justified in holding that the Insurance Company notified the Workmen's Compensation Division of the Department of Labor of the State of Tennessee that said policy of insurance had been issued and that the parties were bound by the terms and provisions of said Act. However, it is not necessary for the Court to so hold since we believe that the employers, Coffey and Blakley, have substantially complied with Section 50-906 T.C.A. for the reasons appearing herein.

Said section provides in part:

"The Workmen's Compensation Law shall not apply to: * * * (d) In cases where less than five (5) persons are regularly employed; provided, however, that in such cases the employer may accept the provisions of this law by filing written notice thereof with the said division of workmen's compensation at least thirty (30) days before the happening of any accident or death, and may at any time withdraw the acceptance by giving like notice of withdrawal."

■ It will be noticed that the section provides that the employer *may* accept the provision of this law by filing written notice thereof with said division of the workmen's compensation at least thirty (30) days before the happening of any accident or death. This section does not prohibit the employer from accepting the provisions of this Act immediately without having to wait for the expiration of the thirty day period. It seems logical to us to hold that the thirty day period was allowed to an employer in order that it might procure the necessary insurance or furnish satisfactory proof of its financial ability to pay claims that might arise against it under said law as required under Section 50-1205 T.C.A. In the case for decision there was no need for the delay of thirty days in view of the immediate issuance of the policy of insurance on October 10, 1960. Coffey and Blakley testified that it was their purpose in taking out the insurance to provide coverage for their employees. Surely we are not expected to hold that it is impossible for an employer to come under the coverage of the Act until thirty days have expired despite a desire to do so. In this case the employer secured an insurance policy, paid the premium therefor and considered itself to be bound by the provisions of the Act and so far as the record shows the employer has never notified the department in writing that it intended to be bound by the Act.

The case exactly in point in principle is that of *Travelers Insurance Company v. Dudley,* 180 Tenn. 191, 173 S.W.2d 142. Mr. Chief Justice Green in delivering the opinion of the Court said:

"The city (City of Dyersburg) had not accepted the provisions of the Workmen's Compensation Act

according to Code, Sec. 6856(e), (now sec. 50-906(e)). A number of years ago, however, the city had taken out insurance providing workmen's compensation for the employees of the water and light department and a policy of this character had been carried by the city with this defendant for six or more years.''

''There is nothing in the policy of our law against a municipal corporation operating under the workmen's compensation law. On the contrary our laws expressly sanction such course on the part of municipalities. Only a notice to the Commissioner of Labor is required. Conceding, as a general proposition, that a non-qualifying municipal corporation is not subject to the compensation act, it by no means follows that *an insurer who contracts with a municipality to provide the benefits of the compensation act for the municipality's employees is likewise free from liability.* Previous decisions of this court negative such an idea.'' (Emphases supplied.)

■ The policy issued by the Insurance Company in this case provides: ''The company shall be directly and primarily liable to any person entitled to the benefits of the Workmen's Compensation Law under this policy.'' In the case of *Edison v. Hardware Mutual Casualty Co.,* 191 Tenn. 430, 234 S.W.2d 836, the Court said:

''A beneficiary, though not a party to insurance contract, may maintain an action directly in his own name against a promisor, where such promise between promisor and promisee is made upon sufficient consideration for benefit of the third party.''

The very purpose of this Workmen's Compensation insurance policy was to provide payments of benefits to

injured employees in accordance with the Act. Again in the *Edison v. Hardware Mutual Casualty Co.* case the Court said:

"We see no valid reason why, when an insurance carrier insures an employer and the policy expressly covers farm employees whose salaries are made the basis of the computation of the premium which is paid to the Insurance Company by the employer for the benefit of the farm employees, that the Insurance Company should not be held to comply with its contract. It is not necessary for us to decide on this record, whether the taking out of insurance by the employer, without the knowledge of the employee had the effect of placing the employment contract under the Workmen's Compensation Act. It is only necessary to decide that the Insurance Company, having been paid for a certain type of insurance made for the benefit of the employee, shall be held to its contract by the employee under an express term of the policy which gives the employee the right to sue the Insurance Company directly, without making the employer a party to the litigation."

There is absolutely no difference in principle in the case of *Travelers Insurance Company v. Dudley,* supra, and in the case under consideration. In the Travelers Insurance Company case the City had not notified the Commissioner of Labor that it elected to come within the terms of the Act. However, the proof showed that the City for a number of years had carried a Workmen's Compensation insurance policy. In the present case the insurance policy had been in effect for a period of thirty-seven (37) days only. The proof

shows, however, that premiums had been paid on this policy which included, of course, the salary paid the petitioner as a part of the basis for figuring the premium. The law will not permit the collection of a premium for insurance without exposure to risk.

The case of *Cornet v. City of Chattanooga,* 165 Tenn. 563, 56 S.W.2d 742, is not in point for the reason that in that case it was determined that the deceased employee, being a policeman, "was an officer" and not an "employee".

In the case of *Woods v. City of La Follette,* 185 Tenn. 655, 207 S.W.2d 572, in an opinion by Mr. Justice Burnett, the Court said: "The deceased Woods was employed by the City 'as a policeman'." The city had accepted the provisions of the Workmen's Compensation Act according to Code Sec. 6856(e) and the amendments thereto. Woods "while on duty as a policeman, and while investigating a disturbance in the city, was shot and died as the result thereof". And on page 661, 207 S.W.2d on page 574 the Court said:

"By specifically naming 'policemen' in the classification of those covered and then figuring the premium of the insurance company for this coverage on the remuneration of these policemen they are clearly meant to be included. * * * The insurance company accepted and retained the premium thus paid, treating policemen as employees."

In the classification of operations under the policy in question it is estimated that the total annual remuneration to employees would be $8,000.00 and the premiums then estimated to be $92.60 per year. The Insurance

Company in the present case accepted and retained the premiums thus paid treating the petitioner herein as an employee within the meaning of the Workmen's Compensation Law.

The defendants rely upon the case of *Carter v. Associated Petroleum Carriers,* 235 S.C. 80, 110 S.E.2d 8, a South Carolina case decided by a divided Court, and we believe that the dissenting opinion is more logical and reasonable than the opinion of the majority. In that case the proof showed that no policy of insurance had been issued by the insurance carrier. The employer on October 3, 1955 contacted the local agent for the insurance carrier and filed an application for the necessary insurance coverage and paid one-half of the annual premium. The employee, Carter, died on October 5. The policy of insurance was never issued and under date of October 12 an effort was made to return the premium but the same was refused. The Court in the Carter case was dealing with a state statute which provided: "Any person employing employees in the State and exempted from the mandatory provisions of this Title may come in under the terms of this Title and receive the benefits and be subject to the liabilities of this Title by filing with the Commission a written notice of his desire to be subject to the terms and provisions of this Title. Any such person shall come under the provisions of this Title and be affected thereby thirty days after the date of such notice." The minority opinion stated:

"There is nothing, however, in the Act to prohibit the contracting parties from coming under the provisions of the Act at an earlier time or immediately if it be desired. Were this not so, an employer would

be required to wait the full thirty days before the Act would become effective and at the same time pay premiums on insurance coverage which would be non-existent because of the thirty-day waiting period, as the policy, when issued, bears the date of application.''

The Carter case in the majority opinion quoted with approval from 136 A.L.R., at page 900, this statement:

''Workmen's compensation acts generally contain provisions governing the acceptance of them by employers as to whom the acts are not mandatory. No general rule can be laid down other than that a substantial compliance with these provisions is usually required. The question as to whether there has been a sufficient compliance depends upon the facts of the individual cases.''

The case of *Dawson Bros. & Beaver, Inc. v. Peterson,* 11 Tenn.App. 167, relied on by defendants is not in point because in that case the Court was dealing with Section 41 of Chapter 123 of the Acts of 1919, being the Workmen's Compensation Act, which provides in part as follows:

''Every employer accepting the provisions of this Act shall within thirty (30) days after this Act takes effect, file with the Insurance Commissioner of the State of Tennessee and annually thereafter, or as often as may be necessary under the ruling of said Insurance Commissioner, evidence of his compliance with the provisions of this Act relating to insurance or indemnity to employes.''

Section 42 provided that every employer accepting the provisions of the Act ''shall, within thirty (30) days after this Act takes effect, file with the Insurance Com-

missioner of the State of Tennessee on a form prescribed by the Commissioner, and thereafter annually or as often as the Commissioner in his discretion deems necessary, evidence of his compliance with the provisions of Section 41 of this Act''.

Said Section 42 provided two penalties, one a fine to be imposed for a refusal or wilful neglect for the employer to comply with Section 41, and also a further penalty by having the right conferred upon the employee to either claim compensation for injuries under the Act, or to sue at law, at his election.

Said Sections 41 and 42, therefore, made it mandatory upon every employer accepting the provisions of this Act to take the steps indicated, otherwise he would suffer the penalties as above referred to. It can be seen, therefore, that this case is not in point for the reason that Section 50-906(d) provides that the employer *may* accept the provisions of the law by filing written notice, etc.

Section 50-918 T.C.A. provides that the rule of common law requiring strict construction of statutes in derogation of common law shall not be applicable to the provisions of the Workmen's Compensation Law, but that the law is declared to be a remedial statute which shall be given an equitable construction by the courts.

This statute is remedial, intended to burden industry with the responsibility of industrial accidents by requiring compensation for benefit of injured employees, or, in case of their death by accident, to their dependents, so as to relieve society of the obligation. Therefore, the statute is not to be given a narrow construction, but

should be applied fairly and broadly to accomplish the ends intended. *Partee v. Memphis Concrete Pipe Co.*, 155 Tenn. 441, 295 S.W. 68; *Maxwell v. Beck*, 169 Tenn. 315, 87 S.W.2d 564, and other cases.

■ Of course, it is well settled that the statute is elective and under the facts of this case we hold that the employer elected to be bound by the terms and provisions of said Act, and for the purpose of providing for the discharge of its liability to its employees under said Act it procured from its co-defendant an insurance policy and paid or agreed to pay the premium therefor and as a part of the basis for calculating the premium to be received by the insurance carrier the salary paid or to be paid to Frankie Jean Young was included. We hold, therefore, that the employer and the insurance carrier entered into an insurance contract for the benefit of the employees of Coffey and Blakley, doing business as the Bloomingdale Floral Shop. *Edison v. Hardware Mutual Casualty Company*, supra.

■ And now expressly referring to each assignment of error, the first one is overruled because we find there is competent evidence to support the finding of the Chancellor. There have been repeated holdings of our Court to the effect that the finding of the Trial Court will be treated as conclusive as to questions of fact if there is any material evidence in the record to support such finding. The record is replete with material evidence in support of the findings of the Chancellor, and for this reason they will not be disturbed.

The decision on the Assignment of Error No. 2 is in our opinion determinative of this case and for the reasons hereinabove set out said assignment is overruled.

Assignment of Error No. 3 is related to Assignment of Error No. 2 and, therefore, it is overruled also.

Assignment of Error No. 4 is sustained. The burden was not upon the defendants to show they were not subject to the Workmen's Compensation Law since at the time of this accident it had in its employ less than five employees in number. The petitioner had the burden of showing that her employers had elected to be covered by this Act. The Court was in error in holding to the contrary, but the error is not material for the reasons set out in this opinion.

Assignments of Error No. 5, 6 and 7 contend that the Court erred in allowing the doctor bills and hospital bills incurred by the petitioner in the treatment of the injury sustained by her to be introduced as exhibits to her testimony. No citation of authority in support of these assignments is offered and we have found none. For this reason, and for the reason that said assignments do not meet the requirements of Rule 15 of this Court they are overruled.

Assignments of Error 8, 9 and 19 are overruled for the same reason.

Assignment of Error No. 11 is to the effect that the Court over objection permitted the introduction of "employer's first reported injury" to the Division of the Workmen's Compensation and matters related thereto as evidence in this case contrary to the provisions of Code Section 50-805. While this was error, the record shows that it was not determinative of the issues in the case.

Assignment of Error No. 12 is to the effect that it was error to permit the introduction of the insurance policy issued by the defendant Insurance Company or to permit the introduction of statements of William C. Price or any other person concerning said coverage since such would be irrelevant and immaterial to the issues joined by the pleading. With these objections we do not agree for the reason that the policy of insurance was issued to the employer for the benefit of his employees, among them being the petitioner. William C. Price was acting for the Insurance Company. Therefore, for the reasons stated in the opinion this assignment is overruled.

We have carefully re-considered this case, and we find that the assignments are without merit, except as hereinabove indicated and, therefore, the action of the Chancellor in awarding temporary total disability, payment of medical and hospital bills and the permanent partial disability is correct and is hereby affirmed at the cost of the appellants. This case will be remanded to the Chancellor for the entry of such orders as may be necessary or proper not inconsistent with this opinion.